**UNITED STATES, Appellee,**

v.

**Arthur E. GONZALEZ, Staff Sergeant, U.S. Air Force, Appellant.**

**No. 42,467.**
**ACM S25013.**

U.S. Court of Military Appeals.

Nov. 7, 1983.

For Appellant: *Captain Kathleen G. O'Reilly* (argued); *Colonel George R. Stevens* (on brief); and *Major Willard K. Lockwood.*

For Appellee: *Major George D. Cato* (argued); *Colonel Kenneth R. Rengert, Lieutenant Colonel Andrew J. Adams, Jr.* (on brief); *Colonel James P. Porter, Lieutenant Colonel Bruce R. Houston.*

*Opinion of the Court*

FLETCHER, Judge:

At his special court-martial, evidence presented against appellant demonstrated that he intermingled two classified mes-

sages with personal mail he was carrying to a friend in Prudhoe Bay, Alaska. On arrival there from Elmendorf Air Force Base some 725 miles away, appellant discovered he had inadvertently brought these two top-secret messages with him. Appellant became excited when he discovered the documents, and he put them in a desk drawer in his friend's room, intending to pick them up later and return them to his squadron. After the weekend, he returned on February 25, 1979, to his duty station, forgetting the documents.

The accused's enlistment terminated on February 27, 1979, and he reenlisted on February 28. On February 27, 1979, Nicholas J. Scales, an alternate roommate of appellant's friend, discovered the classified messages in the desk drawer while looking for paper to copy a telephone message. These were replaced in the drawer, and *on the following day* Scales removed them and gave them to his supervisor, who copied them and returned the originals to Scales. These were ultimately returned to the control of the Federal Government on March 2, 1979.

After presentation of the Government's case-in-chief, appellant moved for a finding of not guilty as to specifications 2 and 4 of the Additional Charge[1] on the grounds "that [the] Government ... failed to" offer "any proof ... that the documents ... were lost during the" February 28 and March 2 "period alleged in the" specifications. Alternatively, he argued that any loss must have occurred on February 25 during his previous enlistment. Thus, he urged, the court-martial lacked *in personam* jurisdiction. These alternative motions were denied.

Appellant was convicted[2] of two violations of 18 U.S.C. § 793(f)(1) in that, through gross negligence, he lost two top secret messages, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. We granted review to determine whether these documents were "lost" in terms of the foregoing statute and, if so, whether the facts regarding the loss demonstrated *in personam* court-martial jurisdiction over Gonzalez. 14 M.J. 178 (1982). We conclude that both aspects of our grant of review must be affirmatively answered.

A complete examination of the legislative history of the statute reveals no definitional guidelines of the term "lost" as contemplated by the enactment. Absent indications to the contrary, we presume the ordinary definition suffices.[3] *Burns v. Alcala,* 420 U.S.

1. Defense counsel in his motion referred to these specifications as specifications 1 and 2 and the judge continued this erroneous numbering when he denied the motion. Later on, the judge clarified the matter by noting "that the specifications ... we were referring to in identifying them as Specifications One and Two, were, in reality, Two and Four." The confusion arose because specifications 1 and 3 of the Additional Charge were dismissed after arraignment while specifications 5 and 6 were withdrawn after arraignment. This left specifications 2, 4, 7, and 8, and findings were returned only as to these specifications.

2. Contrary to his pleas, appellant was also convicted of failing to report the possible compromise of a classified message as required by a lawful general regulation (2 specifications), in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. He was sentenced to a bad-conduct discharge, confinement at hard labor for 5 months and reduction to airman basic. The convening authority approved the sentence as adjudged but deferred service of all but 43 days of confinement; the supervisory authority approved the sentence but suspended the confinement until October 20, 1980; after a new review and action was ordered by the Court of Military Review, the new supervisory authority approved a bad-conduct discharge, confinement for 43 days, and reduction to airman basic. Since the original supervisory authority suspended the confinement in his action of July 28, 1980, the new supervisory authority was also required to suspend any confinement he approved. Yet the action of June 29, 1981, failed to do that and it must be corrected. In addition Special Court-Martial Order No. 9 should recite the July 28, 1980, action and the May 20, 1981, withdrawal action in order to reflect *all* of the proceedings. The Court of Military Review affirmed. 12 M.J. 747 (1981).

3. Appellant urges either the definition for "Lost papers" or "Lost property" found in Black's *Law Dictionary* 853 (5th ed. 1979). We reject these definitions as not being reflective of the intent of Congress in the passage of 18 U.S.C. § 793(f)(1).

575, 580–81, 95 S.Ct. 1180, 1184–85, 43 L.Ed.2d 469 (1975). Black's *Law Dictionary* 852 (5th ed. 1979) indicates:

> An article is "lost" when the owner has lost the possession or custody of it, involuntarily and by any means, but more particularly by accident or his own negligence or forgetfulness, *and when he is ignorant of its whereabouts* or cannot recover it by an ordinarily diligent search.

Emphasis added.

■ In line with this definition the documents were lost to appellant when they were taken from the desk drawer on February 28, 1979, in his second enlistment period. At this point appellant became ignorant of their whereabouts. Prior to this time appellant will be deemed to have constructive possession, as testimony was presented at trial evidencing that the documents were where he presumed them to be until Mr. Scales discovered and removed them and they were copied on February 28, 1979. At this point they were lost to appellant as he was then ignorant of their whereabouts.

■ While his act of taking away and putting the documents in the desk may have been criminal, the loss took place in his second enlistment period, so there was *in personam* jurisdiction.

The decision of the United States Air Force Court of Military Review is affirmed on the foregoing rationale, not on that posited in its opinion.

Judge COOK concurs.

EVERETT, Chief Judge (concurring):

In light of the purpose of 18 U.S.C. § 793, I believe its language is broad enough to encompass the appellant's conduct in this case. While a technical distinction can be drawn between property that is "lost" and that which is "mislaid," Congress undoubtedly intended for the statute to embrace both situations.

I disagree with the rationale of the Court of Military Review "that a continuing violation occurred." 12 M.J. 747, 751 (1981). Instead, in my view there was a single violation of the statute; and this occurred on February 28, 1979, when Nicholas Scales discovered the classified messages in the desk drawer of the apartment he occasionally used. When Scales became aware of the messages and began to exercise control over them by removing them from the room, those documents had been "lost" within the purview of the statute. Gonzalez no longer had the power to exercise control over them, and someone else had control.

Gonzalez reenlisted on the same date on which Scales discovered the messages. By so doing, he reassumed a military status and thereby conferred jurisdiction on the Air Force to try him by court-martial for his loss of the classified messages on that same day.