**UNITED STATES, Appellee,**

v.

**Curtis E. NICKELS, Staff Sergeant, U. S. Air Force, Appellant.**

No. 45827.

ACM S25699.

U.S. Court of Military Appeals.

July 15, 1985.

For Appellant: *Major Kathleen G. O'Reilly* (argued); *Colonel George R. Ste-*

*vens* and *Major Alexander S. Nicholas* (on brief); *Colonel Leo L. Sergi.*

For Appellee: *Colonel Andrew J. Adams, Jr.* (argued); *Colonel Kenneth R. Rengert* (on brief).

*Opinion of the Court*

PER CURIAM:

A special court-martial composed of officers tried appellant at Kadena Air Base, Japan, for dereliction of duty, and for possession, use, and transfer of marihuana, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934, respectively. Contrary to his pleas, Nickels was found guilty as charged and was sentenced to a bad-conduct discharge, confinement at hard labor for 4 months, and reduction to the grade of airman first class. The convening and supervisory authorities approved the findings and sentence; and the Court of Military Review affirmed. We granted review on this issue:

> WHETHER THE EVIDENCE PERTAINING TO CHARGE I, SPECIFICATION 2 IS INADEQUATE IN THAT IT FAILS TO SHOW THAT THE GOVERNMENT SUSTAINED A LOSS OF $3,000 OR OF ANY LESSER AMOUNT.

Charge I, which concerned dereliction of duty, contains two specifications. The first alleges dereliction in appellant's "performance of his duties as custodian of the postal funds account in that he negligently failed to audit the postal clerks funds twice a month, in accordance with AFR 182–1." The gravamen of specification 2 was that Nickels "negligently failed to maintain proper fiscal control of the COPE account as it was his duty to do, resulting in a loss of about $3,000.00."

The Government's evidence revealed that appellant, a member of a Postal Detachment, had been serving as custodian of postal effects (COPE). Nickels disclosed to a supervisor that his COPE account was short about $3,000; but he denied that he

had taken the money or knew how the shortage had occurred. On direct examination, he testified in his own defense that he had felt a responsibility to replace the missing funds; so, after discovering the loss, he and his wife had withdrawn all their savings—$736—and applied this amount towards replacement of the loss. Moreover, he had authorized withdrawals from his pay in order to obtain some more money with which to pay off the balance of the shortage.

Appellant now claims that, contrary to the allegations of specification 2, no "loss" will result to the Government, since in due course all of the missing $3,000 will be repaid. Therefore, according to his logic, he cannot be punished under this specification for dereliction of his duties. We disagree with both his premise and his conclusion.

The term "loss," as used in specification 2, did not require proof that the Government would be permanently deprived of the $3,000. Instead, temporary deprivation of the money was perfectly adequate for this purpose. Appellant cites *United States v. Gonzalez,* 16 M.J. 428 (C.M.A.1983), concerning documents "lost" in violation of 18 U.S.C. § 793(f)(1), where we relied on this definition in Black's *Law Dictionary* 852 (5th ed. 1979):

> An article is "lost" when the owner has lost the possession or custody of it, involuntarily and by any means, but more particularly by accident or his own negligence or forgetfulness, and when he is ignorant of its whereabouts or cannot recover it by an ordinarily diligent search.

This case does not aid appellant here, because, according to his own account, possession of $3,000 had been lost involuntarily; he, the custodian of the COPE fund, was ignorant of the whereabouts of this money; and he could not recover it by an ordinary diligent search.

Furthermore, although the dereliction of duty by the custodian of entrusted funds often results in a loss of all or part of those funds, existence of a loss is not a prerequisite for criminal liability. Nothing in the language of Article 92(3) or in the Manual's discussion of that article, *see* para. 171 *c,* Manual for Courts-Martial, United States, 1969 (Revised edition), requires that dereliction in the performance of duties be accompanied by loss to the Government or some other victim.* Likewise, the form specification for dereliction of duty, *see* Appendix 6 *c,* Form 30, Manual, *supra,* does not allege the occurrence of a loss. Thus, the offense of dereliction would have been proved even if the court-martial had excepted from specification 2 all reference to a loss.

If the Government, over defense objection, had sought to introduce the evidence of appellant's payment of the $3,000 to show a consciousness of guilt on his part, an interesting evidentiary question might have been presented. *Cf.* Mil.R.Evid. 407–09. However, here this evidence was offered by the defense. In no way did it negate guilt, although it constituted evidence in mitigation of the offense.

The decision of the United States Air Force Court of Military Review is affirmed.

Judge FLETCHER did not participate.

---

* From the record of trial, it is not clear whether the sums in the COPE fund were owned by the United States or by individual airmen; but this is immaterial, since clearly appellant did not have custody of this fund for his own benefit.