**UNITED STATES**

v.

**Rickie L. ROLLER, 545 02 5888,
Sergeant (E–5), U.S. Marine
Corps.**

**NMCM 92 00437.**

U.S. Navy–Marine Corps Court of
Military Review.

Sentence Adjudged 18 Sept. 1991.

Decided 30 July 1993.

Capt Dwight H. Sullivan, USMC, Appellate Defense Counsel.

Capt Brett D. Barkey, USMCR, Appellate Government Counsel.

REED, Judge:

We have examined the record of trial, the assignments of error,[1] and the Govern-

---

\* Senior Judge FREYER took final action on this case prior to his departure.

1. I. THE FINDING OF GUILTY TO THE 18 U.S.C. § 793(f) VIOLATION IS INCONSISTENT WITH THIS COURT'S OPINION IN *UNITED STATES V. CHATTIN*.

    A. Appellant Cannot Be Found Guilty of Permitting the Material to Be Removed Because He Removed the Materials from the SCIF Himself.

    B. Appellant Was Not an Authorized Possessor of the Information at the Time it Was Obtained By An Unauthorized Individual.

    C. The Staff Judge Advocate Erred By Advising the Convening Authority That *Chattin* Is Distinguishable.

    D. The Providence Inquiry Is Insufficient to Support a Finding that Appellant Delivered the Classified Material to an Unauthorized Recipient Because this Information Was Contained Only in a Stipulation of Fact.

    E. The *Felty* Doctrine Does Not Authorize Affirmance of the Finding of Guilty to Charge III, Specification 1.

II. THE RECORD MUST BE RETURNED FOR A NEW CONVENING AUTHORITY'S ACTION BECAUSE THE RECORD OF TRIAL DOES NOT CONTAIN A LETTER IN WHICH

ment's reply thereto. We conclude that the assignments of error are without merit. Only the first assignment of error,[2] which deals with this Court's previous interpretation of 18 U.S.C. § 793(f), merits discussion.[3] Citing our opinion in *United States v. Chattin*, 33 M.J. 802 (N.M.C.M.R.1991), *aff'd*, 36 M.J. 374 (C.M.A.1992) (citing *United States v. McGuinness*, 35 M.J. 149 (C.M.A.1992)), appellant argues he cannot be found guilty of "permitting" the classified information to be removed from its place of storage, and thus violating that statutory section, because he removed the materials himself. We disagree. To the extent that our decision conflicts with *Chattin*, we specifically decline to follow it. Our discussion follows.

Appellant was tried by general court-martial, military judge alone, on 11 and 18 September 1991. In accordance with his pleas, he was convicted of one specification of violating a general order [4] and one speci-

fication of violating the federal espionage statue, 18 U.S.C. § 793(f),[5] in violation of the Uniform Code of Military Justice, Articles 92 and 134, 10 U.S.C. §§ 892 and 934, respectively. He was sentenced to three years' confinement, reduction to E–1, forfeiture of $400.00 pay per month for 36 months and a dishonorable discharge. The convening authority approved the sentence, but suspended for one year all confinement in excess of ten months.

## BACKGROUND

Appellant was responsible for all the "code word" and other classified material coming into the Intelligence Division at Headquarters, U.S. Marine Corps, Washington, D.C. Over the course of several months, he placed classified materials in his desk, which was located in an authorized secured area (SCIF).[6] Due to a conflict with his supervisor, appellant request-

---

THE TRIAL DEFENSE COUNSEL RAISED LEGAL ERROR.

III. ¶ 60c(5)(a) OF THE 1984 MANUAL, A BINDING PROVISION ADOPTED BY THE PRESIDENT PURSUANT TO HIS POWERS UNDER ARTICLE 36 [10 U.S.C. § 836], PRECLUDES CHARGING A SERVICE MEMBER UNDER ARTICLE 134 IF THE SAME MISCONDUCT CAN BE CHARGED AS AN ARTICLE 92 VIOLATION. (CITATION OMITTED.)

IV. APPELLANT'S COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. BECAUSE THIS ERROR IS JURISDICTIONAL, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL. (CITATION OMITTED.)

2. Appellant alleges in assignment of error I.D. that the providence inquiry is insufficient to support a finding that he delivered classified material to an unauthorized recipient because this information was contained only in a stipulation of fact. We note, however, that the military judge conducted an extensive inquiry of the factual basis for the offenses with appellant. The providence inquiry, supplemented by the stipulation of fact, established appellant's guilt to Charge III, specification 1. *See United States v. Wimberly*, 20 C.M.A. 50, 42 C.M.R. 242, 1970 WL 7057 (1970); *United States v. Sawinski*, 16 M.J. 808 (N.M.C.M.R.1983); *United States v. Testori*, 35 M.J. 745 (N.M.C.M.R.1992).

3. Based on affidavits submitted we conclude that the second assignment of error is without merit. Likewise, we consider the third assign-

ment, *see United States v. McGuinness*, 35 M.J. 149 (C.M.A.1992), the fourth assignment, *see United States v. Weiss*, 36 M.J. 224 (C.M.A.1992), *cert. granted*, —— U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993), and the fifth assignment, *see United States v. Graf*, 35 M.J. 450 (C.M.A.1992), to be without merit.

4. In that Sergeant Rickie L. Roller, U.S. Marine Corps, H & S Company, 1st Bn, 4th Marines, while on active duty, did, at Headquarters Marine Corps, Washington, D.C., and the surrounding community, during the period from on or about 28 February 1989 until on or about 29 June 1990, violate a lawful general order, to wit: paragraph 13–2 1., OPNAV Instruction 5510.1H dated 29 April 1988, by failing to ensure that unauthorized persons did not gain access to classified material in his possession.

5. In that Sergeant Rickie L. Roller, U.S. Marine Corps, H & S Company, 1st Bn, 4th Marines, while on active duty, did, at Headquarters Marine Corps, Washington, D.C., and the surrounding community, during the period on or about 28 February 1989 until on or about 20 September 1990, violate 18 U.S.C. Sect. 793(f), by having been entrusted with possession of classified documents and material relating to the National Defense, by gross negligence removed that material from its proper place of custody and allowed the material to be lost or delivered to another in violation of his trust.

6. A "SCIF" is a sensitive compartmented information facility.

ed a transfer, which was approved. Prior to appellant's detachment, his supervisor preferred charges against him. These charges were dismissed the day before appellant checked out. On his last day at work, appellant hastily packed his gym bag with material from his desk and left the SCIF. Unfortunately for appellant, classified materials were included within the items he removed. He had no authority to remove the classified materials.

At his home several weeks later, appellant discovered the classified material. Afraid that he might get in trouble if he now returned this material, he kept it and stored it in a drawer in his garage. He indicated he intended to destroy the material when he got to his new duty station. Before that could occur, a moving company employee discovered some of the material as he unpacked appellant's household goods at his new duty station at Oceanside, California. This employee subsequently consulted a bail bondsman to whom he owed money to inquire what should be done with this classified material. As a result of that inquiry, the Naval Investigative Service (NIS) was notified and an investigation commenced. NIS recovered additional classified documents as the result of a search of appellant's household goods. These materials were marked, variously, "NOFORN," "Secret," and "Top Secret," and some were additionally marked as containing compartmented information.

## DISCUSSION

Title 18, U.S.Code, § 793(f) provides that:

Whoever, being entrusted with or having lawful possession or control of any document, writing, code book, signal book, sketch, photograph, photographic negative, blueprint, plan, map, model, instrument, appliance, note, or information, relating to the national defense, (1) through gross negligence permits the

same to be removed from its proper place of custody or delivered to anyone in violation of his trust, or to be lost, stolen, abstracted, or destroyed, ... Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

This Court held in *Chattin* that for a servicemember to be successfully prosecuted under 18 U.S.C. § 793(f)(1) for "permitting" classified materials to be removed from their proper place, a third party had to remove the material; a member could not be convicted for removing the materials himself. Having reviewed *Chattin* we conclude that our analysis therein was faulty.

In *Chattin* we noted that

The statutory language of section 793(f)(1) contains the term 'permit' as the active ingredient for the gross negligence condemned. That statute, however, does not define 'permit.' ... Although the statutory language of section 793(f)(1) should be given broad interpretation, such an interpretation must be logical and consistent with the conduct Congress intended the statute to prohibit.

33 M.J. at 804 (footnote and citations omitted). Then through a fairly strained interpretation of the word "permit" and using a dictionary definition, we concluded that a third party must be involved before a violation could occur. We now believe that interpretation to be wrong. The definition of the word "permit" includes "to allow" or "to let," concepts that can refer to oneself. *Black's Law Dictionary* 1026 (5th ed. 1979).

In 18 U.S.C. § 793(f), "permits" refers not only to material improperly "removed from its proper place of custody" but also, to material "lost, stolen, abstracted, or destroyed." As we noted in *Chattin*, the legislative history contains little assistance in interpreting § 793(f). The House hearing on the original version of this section [7]

---

7. Sec. 3. Whoever, having possession of, access to, control over, or being intrusted with any information, document, writing, code book, signal book, sketch, photograph, photographic negative, blue print, plan, model, instrument, appliance, or note, belonging to, intended for,

or under the control of the United States, relating to the national defense, willfully and without proper authority communicates or transmits or attempts to communicate or transmit the same to any person, or willfully retains the same and fails to deliver it on

makes clear that, in so far as the "loss" of classified information is concerned, no third party involvement is required. *See* "Congressional Record–House", 1917, pp. 1759–1762. In interpreting this legislation, the Court of Military Appeals has adopted a definition of "loss" that does not involve a third party. *See United States v. Gonzalez,* 16 M.J. 428 (C.M.A.1983).[8]

Considering the Act *in pari materia,* we note that

> Sections 793(a) and 794(a) require that the act be done, "with intent or reason to believe that the information is to be used to the injury of the United States, or to the advantage of any foreign nation." Sections 793(d) and (e), however, require only that the accused act "willfully." ... Section 793(f) has an even lower threshold, punishing loss of classified materials through "gross negligence" and punishing failing to promptly report a loss of classified materials.

*McGuinness,* 35 M.J. at 153.

■ It would seem anomalous to hold that the word "permits" has two different meanings in the same section of a criminal provision, one meaning to be employed when proving classified information has been improperly removed from its place of custody and another meaning used when such material is "lost, stolen, abstracted, or destroyed." We decline to so hold. "[I]t is clear that Congress intended to create a hierarchy of offenses against national security, ranging from "classic spying" to merely losing classified materials through gross negligence." *McGuinness,* 35 M.J. at 153. Therefore a violation of 18 U.S.C. § 793(f) does not require the involvement of a third party.

■ In *Chattin* we also held that because the facts showed appellant was an unauthorized possessor of the document, there was no factual basis to support the first element of section 793(f)(1) requiring the offender to be a lawful possessor or one who had been entrusted with the document. *Chattin,* 33 M.J. at 804. *Chattin,* however, involved the intentional theft of classified documents by one into whose custody the Government had entrusted the classified material. In the case before us, appellant, through his gross negligence, took classified material with him during his transfer to a new duty station. Like Judge Lawrence in his dissent in *Chattin,* we believe that

> prosecution under section 793(f)(1) is [not] precluded of a person who, being entrusted with an enumerated item or information relating to the national defense, in some way violates the terms of his entrustment: violation of the terms of this kind of entrustment does not terminate the entrustment. The terms of any entrustment of national defense information necessarily include a requirement of due "care, use or disposal of it," *see Black's Law Dictionary* 478 (5th ed. 1979); thus, if the majority's interpretation were accepted, many, if not all, acts of gross negligence that constituted a violation of section 793(f)(1) would terminate the entrustment and preclude prosecution under the section.

*Chattin,* 33 M.J. at 809 (Lawrence, J., dissenting). Once appellant discovered he had inadvertently taken classified information with him, albeit through his own gross negligence, he nevertheless had a continuing duty to safeguard the information until such time as he had an opportunity to return it to the Government's care. While not authorized to have such material with him outside a secure area, appellant was nevertheless entrusted with its care once

---

demand to the person lawfully entitled to receive it, or through gross negligence permits the same to be removed from its proper place of custody, or delivered to anyone not lawfully entitled to receive it, or to be lost, stolen, abstracted, or destroyed, shall upon conviction thereof, be punished by a fine of not more than $10,000 or by imprisonment for not more than five years, or both.

8. "An article is 'lost' when the owner has lost the possession or custody of it, involuntarily and by any means, but more particularly by accident or his own negligence or forgetfulness, *and when he is ignorant of its whereabouts* or cannot recover it by an ordinarily diligent search." *Gonzalez,* 16 M.J. at 430 (emphasis to Black's definition supplied by C.M.A.)

he discovered it in his possession. *Cf. Gonzalez,* supra. "Anyone who has possession of classified material is responsible for safeguarding it at all times...." Chief of Naval Operations Instruction 5510.1H of 29 Apr 1988, Subj: Department of the Navy Information and Personnel Security Program Regulation, ¶ 13–1. Appellant's negligence in failing to safeguard the material once discovered resulted in its loss since it was shortly discovered and taken away by unauthorized third parties. Appellant could be and was prosecuted for such loss.[9]

The findings and sentence, as approved on review below, are affirmed.

Chief Judge LARSON, Senior Judges FREYER, ORR, STRICKLAND and Judge MOLLISON concur.

LAWRENCE, Judge, concurring in the result:

In *Chattin,* I dissented to the majority's holding that under 18 U.S.C. § 793(f) violation of the terms of an entrustment of national defense material effectively terminates the entrustment, making the possession unauthorized and therefore outside the scope of the section. That holding is not mandated by the plain language of the provision and is contrary to the legislative intent behind it. I join in overruling this portion of *Chattin.*

I disagree with the majority in this case in overruling that portion of *Chattin* that interpreted the word "permits" in 18 U.S.C. § 793(f)(1) and concluded that a third party must be involved to support a conviction under that section. To me, we need not reach that question. Due to appellant's gross negligence, a moving company employee discovered highly classified national defense information in appellant's household goods shipment. That employee then consulted a bail bondsman and asked what should be done with the materials. Fortunately, the bondsman apparently gave the correct advice and an investigation was begun. Nonetheless, the discovery of this national defense information by the moving company employee constituted a loss of that material under 18 U.S.C. § 793(f)(1). *United States v. Gonzalez,* 16 M.J. 428 (C.M.A.1983).

In this case, the loss of the national defense information was specifically alleged in the specification to which appellant pled guilty, accordingly, if the military judge was permitted to consider the facts listed above, there is a factual basis for the finding of guilty to the specification as alleged, although the words "removed the material from its proper place and" and the words "or delivered to another in violation of his trust" should be excepted from the specification prior to affirming the finding of guilty. Further, if an accused pleads guilty and during the providence inquiry his responses establish a different but closely-related offense having a similar maximum punishment, the guilty plea may be affirmed on review. *United States v. Hubbard,* 28 M.J. 203, 206 (C.M.A.1989); *United States v. Epps,* 25 M.J. 319, 323 (C.M.A.1987); *United States v. Felty,* 12 M.J. 438 (C.M.A.1982). Certainly, the general reasoning behind *Felty* would amply support affirmance of a finding of guilty to violating 18 U.S.C. § 793(f)(1) under these circumstances.

Information concerning the loss was not elicited from appellant orally on the record, rather it is contained in Appellate Exhibit III, a stipulation of fact admitted during the providence inquiry. Appellant now contends that because the military judge did not specifically inquire of appellant on the record to elicit those facts from appellant's mouth, the military judge could not consider them in determining whether the guilty pleas have a factual basis. Likewise, appellant contends that we may not consider them either in establishing facts that permit us to uphold the guilty plea to violation of the espionage statute.

I disagree. Appellant signed the stipulation declaring that he expressly consented to enter into it and that the facts contained in the stipulation are true. On the record, appellant stated that (1) his signature ap-

---

**9.** We have no need to discuss the possible duplicitous nature of specification 1 of Charge III since any such error only inures to the benefit of appellant.

peared on the last page of the document, (2) he had read the stipulation carefully and had discussed it with his counsel before he signed it, (3) he understood the stipulation, (4) the facts contained in the stipulation are true, and (5) he consented to the military judge's use of the stipulation at trial. Thereafter, the military judge read the stipulation during a brief recess. That portion of the stipulation relating to the discovery of the national defense information is written in plain language, is unambiguous, and is entirely consistent with appellant's guilty pleas. In my opinion, given these facts, the military judge properly could consider the stipulated facts in determining whether the guilty pleas were provident just as we may in deciding if there is a factual basis for the guilty pleas and findings.

Because the stipulated facts establish the loss of this sensitive material, we need not address the correctness of that portion of *Chattin* that requires a third party for conviction under this section of the espionage statute. At a minimum, the doctrine of stare decisis strongly discourages overruling a prior decision involving statutory interpretation when another ground for decision is readily available to the deciding court. This principle applies even when the court sits en banc and the prior decision is one of a panel of the court. Thus, to me, the majority in this case needlessly and inappropriately overrules a previous decision of this Court. This portion of *Chattin* should not be reexamined until we have a case for decision that involves facts and issues that require us to decide whether a third person must be involved to support a conviction under 18 U.S.C. § 793(f)(1).

Senior Judges JONES and WELCH did not participate.