264

UNITED STATES, Appellee

v.

Rickie L. ROLLER, Sergeant, U.S. Marine Corps, Appellant.

No. 93–1553.
CMR No. 92 00437.

U.S. Court of Appeals for the Armed Forces.

Argued Dec. 14, 1994.

Decided Aug. 23, 1995.

For Appellant: *Major Hagen W. Frank*, USMC (argued).

For Appellee: *Lieutenant Commander David B. Auclair*, JAGC, USN (argued); *Colonel T.G. Hess*, USMC, and *Commander S.A. Stallings*, JAGC, USN (on brief); *Colonel J. Composto*, USMC.

*Opinion of the Court*

COX, Judge:

1. Pursuant to his pleas, appellant was found guilty of violating OPNAV[1] INST 5510.1H "by failing to ensure that unauthorized persons did not gain access to classified material in his possession," and violating 18 USC § 793(f)(1) through "gross negligence [by] remov[ing] . . . classified documents and material relating to the National Defense . . . from its proper place of custody and allow[ing] the material to be lost or delivered to another," in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 USC §§ 892 and 934, respectively. The military judge sentenced appellant to a dishonorable discharge, confinement for 3 years, forfeiture of $400.00 pay per month for 36 months, and reduction to the lowest enlisted grade. The convening authority approved the sentence as adjudged and, except for the discharge, ordered it executed; however, he suspended execution of confinement in excess of 10 months for a period of 1 year from the date of trial. The Court of Military Review[2] approved the findings and the sentence. 37 MJ 1093 (1993).

1. Department of the Navy, Chief of Naval Operations Instruction (OPNAV INST) 5510.1H.

2. *See* 41 MJ 213, 229 n.* (1994).

2. On February 1, 1994, this Court granted review of the following issue:[3]

> WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW ERRED WHERE IT INTERPRETED THAT PART OF 18 USC § 793(f)(1) WHICH PROHIBITS A CLASSIFIED MATERIAL CUSTODIAN FROM "PERMITTING" REMOVAL OF SUCH MATERIAL FROM ITS PROPER PLACE AS NOT REQUIRING REMOVAL BY A PERSON OTHER THAN SUCH CUSTODIAN.

We hold that there was no error.

## I

3. Appellant was responsible for all the "code word" and other classified material coming into the Intelligence Division at Headquarters, United States Marine Corps, Washington, DC. It was not unusual for him to place certain materials in his desk. Over the course of several months, classified documents were placed there by him. At some point, appellant's supervisor charged that he was disrespectful to his officer-in-charge and was derelict in the performance of his duties. These charges were later dismissed. Due to this conflict with his supervisor, appellant requested a transfer, and, on his last day, he hastily packed his gym bag with the personal effects from his desk. Unfortunately for appellant, in his haste he inadvertently took along with his personal papers the classified documents that had been placed in his desk. Several weeks later, appellant discovered his error, but fearing punishment if he now returned them, he decided to keep the documents stored in a drawer in his garage. His plan was to destroy the documents once he reached his new duty station.

4. While unpacking appellant's belongings, a moving company employee discovered the documents, and the Naval Investigative Service (NIS) was contacted. A search of appellant's household goods uncovered more classified documents, leading to the charges and conviction. These events occurred between February 28, 1989, and June 29, 1990.

*See* 37 MJ at 1094–95.

## II

5. Appellant argues that the wording of the Federal Espionage statute under which he was charged, by using the term "permits," necessarily implies the involvement of a third party. The statute reads in relevant part:

> Whoever, being entrusted with or having lawful possession or control of any document, writing, code book, signal book, sketch, photograph, photographic negative, blueprint, plan, map, model, instrument, appliance, note, or information, relating to the national defense, (1) through gross negligence **permits** the same to be removed from its proper place of custody or delivered to anyone in violation of his trust, or to be lost, stolen, abstracted, or destroyed, or (2) having knowledge that the same had been illegally removed from its proper place of custody or delivered to anyone in violation of its trust, or lost, or stolen, abstracted, or destroyed, and fails to make prompt report of such loss, theft, abstraction, or destruction to his superior officer—

> Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

18 USC § 793(f) (emphasis added).

■ 6. Much time has been devoted to the debate of whether permitting removal of classified documents requires the involvement of a third party. We conclude and hold that it does not. *Black's Law Dictionary* 1026 (5th ed.1979) defines "permit" as "mean[ing] '[t]o suffer, allow, consent, let; to give leave or license; to acquiesce, by failing to prevent, or to expressly assent or agree to the doing of an act.'"[4] *See United States v. Chattin*, 33 MJ 802, 804 (NMCMR 1991). We have held that absent indications to the contrary, we will presume ordinary definitions suffice. *United States v. Gonzalez*, 16 MJ 428, 429 (1983). The Court of Military Review decided in *United States v. Chattin*, 33 MJ at 804, that the normal usage of the

---

**3.** *See* 41 MJ 340 n. 2 (1995), for resolution of the other granted issue (39 MJ 385).

**4.** *See* Black's Law Dictionary 1140 (6th ed.1990).

term did require a third party, but later reversed this opinion in its *en banc* decision in this case.[5] 37 MJ at 1095–96.

■ 7. Today we conclude this debate is too narrowly focused. There are instances where "permits" will necessitate the involvement of a third party and some where it will not, but here, whether another person is involved in the act is irrelevant. *See United States v. Gonzalez,* 16 MJ at 430. The purpose of the federal espionage statute is to protect classified documents from any unauthorized procedures such as "remov[al] from its proper place of custody" regardless of the means of removal, and it was appellant's gross negligence that was the proximate cause of the classified document's removal. We stated in *United States v. McGuinness,* 35 MJ 149, 153 (1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1364, 122 L.Ed.2d 743 (1993), that "it is clear that Congress intended to create a hierarchy of offenses against national security, ranging from 'classic spying' to merely losing classified materials through gross negligence."

8. The *Chattin* court concluded that it was illogical that Congress intended anything other than a third person. 33 MJ at 804. We conclude that if involvement of a third party was the sole definition intended, the statute would have read "permits another to remove." [6] Additionally, if lawful custodians were not intended for inclusion under this statute, the anomalous result would be that any unauthorized removal by them of classified documents from their proper place of custody would not be unlawful, whereas removal by another would be. This is not rational.

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges CRAWFORD, GIERKE, and WISS concur.

---

**5.** Since Roller's illegal activities occurred before *United States v. Chattin,* 33 MJ 802, 804 (NMCMR 1991), was decided, there is no need to consider if the principle "that where a [court] narrows an unconstitutionally overbroad statute, the [judiciary] must ensure that defendants are convicted under the statute as it is subsequently construed and not as it was originally written," *see Osborne v. Ohio,* 495 U.S. 103, 118, 110 S.Ct. 1691, 1700, 109 L.Ed.2d 98 (1990), applies.

**6.** 18 USC § 793(e) reads:

Whoever having unauthorized possession of, access to, or control over any document, writing, code book, signal book, sketch, photograph, photographic negative, blueprint, plan, map, model, instrument, appliance, or note relating to the national defense, or information relating to the national defense which information the possessor has reason to believe could be used to the injury of the United States or to the advantage of any foreign nation, willfully communicates, delivers, transmits or causes to be communicated, delivered, or transmitted, or attempts to communicate, deliver, transmit or cause to be communicated, delivered, or transmitted the same **to any person** not entitled to receive it, or willfully retains the same and fails to deliver it to the officer or employee of the United States entitled to receive it;...

\* \* \*

Shall be fined not more than $10,000 or imprisoned not more than ten years, or both. (Emphasis added.)