# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Senior Airman WILLIAM J. SIGO
### United States Air Force

### ACM 38268

### 19 February 2014

Sentence adjudged 25 October 2012 by GCM convened at Hill Air Force Base, Utah. Military Judge: Grant L. Kratz.

Approved Sentence: Bad-conduct discharge, confinement for 120 days, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Nicholas D. Carter and Captain Christopher D. James.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel C. Taylor Smith; Major Terence S. Dougherty; and Gerald R. Bruce, Esquire.

Before

HELGET, WEBER, and PELOQUIN
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

WEBER, Judge:

A panel of officer members convicted the appellant, contrary to his pleas, of one specification each of indecent liberties with a female under the age of 16, attempting to engage in sexual contact with the underage female, and knowingly soliciting, seducing, luring, or enticing the underage female to engage in sexual activity through an Internet website and text messaging, in violation of Articles 120, 80, and 134, UCMJ,

10 U.S.C. §§ 920, 880, 934.[1]  The adjudged and approved sentence consisted of a bad-conduct discharge, confinement for 120 days, and reduction to E-1.

The appellant raises three issues on appeal:  (1) Whether his conviction of attempting to engage in sexual contact with the underage female is legally and factually sufficient; (2) Whether the charge of knowingly soliciting, seducing, luring, or enticing the underage female to engage in sexual activity fails to state an offense because the specification was charged in the disjunctive; and (3) Whether the conviction for indecent liberties with a child is legally and factually insufficient.[2]  Finding no error materially prejudicial to a substantial right of the appellant, we affirm.

*Background*

The appellant met BB, then a 15-year-old girl, on the Internet website "myyearbook.com" in December 2010.  BB accurately described her age on her profile on the website, but the appellant listed his age as 17 years old instead of his true age of 25 years old.  Had he listed his age correctly, the website's security protocols would have prohibited him from having contact with users under the age of 18.  However, because the appellant listed his age as 17 years old, he was able to view the profiles of users as young as 14 years old, as well as contact them.  The appellant contacted BB in late December after BB posted a photograph of her 13-year-old sister and indicated that BB's sister was looking for boys.[3]  The appellant responded to the post regarding BB's sister, but BB's sister said the appellant was too old for her (even at his falsely-listed age of 17 years old).  Instead, BB began corresponding with the appellant through messages on the website and cell phone text messages.  At some point during their messages, the appellant learned BB was actually 15 years old and BB learned the appellant was 25 years old.

After a short time, the appellant made plans to meet BB on New Year's Eve, but did not in fact meet her then.  In early February, the appellant again made plans to meet BB near her house.  BB instructed the appellant to park his truck around the corner, so that BB could sneak out and meet the appellant without her parents noticing.  BB met the appellant in his truck, and the two spoke for a short time.  The appellant and BB then began kissing.  The appellant reached his hand under BB's shirt and started to move his hand up her abdomen toward her breasts, but BB stopped him as he reached her mid-stomach and told him she wanted him to stop.  The appellant responded by holding his hand there for a short time and asking her, "Why not?" before removing his hand.  The appellant and BB resumed kissing for "a couple seconds," at which point the appellant asked BB to "give him a blow job."  She declined, and the appellant again urged her to

---

[1] The appellant was also charged with a second specification under Article 120, UCMJ, 10 U.S.C. § 920, for allegedly having sexual intercourse with the minor female.  The members acquitted him of this specification.

[2] The appellant raises this last issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[3] BB listed her sister's age as 14, but BB's sister was in fact about two months shy of her fourteenth birthday.

perform the sexual act, saying, "[I]t's not that bad." When BB again declined the appellant's request, the appellant became withdrawn and departed soon thereafter.

*Legal and Factual Sufficiency – Attempted Abusive Sexual Contact*

The appellant asks this Court to set aside the finding of guilty as to the specification that alleges he attempted to engage in sexual contact with BB. Specifically, he argues that his actions merely solicited BB to engage in sexual contact, and until he knew BB was also willing to engage in sexual activity, he could not have formed the criminal intent necessary for an attempt offense.

We review issues of factual and legal sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).

The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we are] convinced of the [appellant]'s guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987), *quoted in United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000). In conducting this unique appellate role, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington*, 57 M.J. at 399.

The test for legal sufficiency of the evidence is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *Turner*, 25 M.J. at 324, *quoted in United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002). "[I]n resolving questions of legal sufficiency, we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001) (citing *United States v. Rogers*, 54 M.J. 244, 246 (C.A.A.F. 2000); *United States v. Blocker*, 32 M.J. 281, 284 (C.M.A. 1991)). Our assessment of legal and factual sufficiency is limited to the evidence produced at trial. *United States v. Dykes*, 38 M.J. 270, 272 (C.M.A. 1993).

The elements of the charged attempt offense, under Article 80, UCMJ, are:

(1) That the accused did a certain overt act;
(2) That the act was done with the specific intent to commit a certain offense under the code;
(3) That the act amounted to more than mere preparation; and
(4) That the act apparently tended to effect the commission of the intended offense.

*Manual for Courts-Martial, United States* (*MCM*), Part IV, ¶ 4.b. (2008 ed.). The underlying offense the appellant was charged with attempting to commit was abusive sexual contact with a child. The elements of that offense, under Article 120, UCMJ, are:

> (1) That the accused engaged in sexual contact with a child; and
> (2) That at the time of the sexual contact the child had attained the age of 12 years but had not attained the age of 16 years.

*MCM*, Part IV, ¶ 45.b.(9). "Sexual contact" includes the intentional touching, either directly or through the clothing, of the breast of another person. *MCM*, Part IV, ¶ 45.a.(t)(2).

We conclude that the guilty finding of attempted abusive sexual contact with a child is legally and factually sufficient. Primarily through BB's testimony, the Government established all the elements of the charged offense. The appellant's actions in reaching his hand up BB's shirt in a movement toward her breasts, combined with his reaction when BB stopped him, unquestionably demonstrate his actions were an overt act done with the specific intent to engage in sexual contact with BB, a child under the age of 16. By moving his hand underneath BB's shirt, up her abdomen and toward her breasts, the appellant engaged in a "direct movement toward the commission of the offense." *MCM*, Part IV, ¶ 4.c.(2). The appellant cannot claim his actions amounted to "mere preparation" when BB was forced to intervene to stop the appellant as he inched his hand toward her breasts. Whether the appellant's actions were aimed at discerning BB's consent is irrelevant, as BB's consent or lack thereof is not at issue in the underlying offense. The appellant properly stands convicted of Charge II and its Specification.

### Charge III – Charging in the Disjunctive

The appellant next alleges Charge III and its Specification fail to state an offense because the Specification was alleged in the disjunctive, and the appellant's guilt was adjudged accordingly. The Specification of Charge III reads as follows:

> In that [the appellant], United States Air Force, 388th Equipment Maintenance Squadron, Hill Air Force Base, Utah, did, at or near Morgan, Utah, on divers occasions, between on or about 1 December 2010 and on or about 31 March 2011, knowingly solicit, seduce, lure, or entice a minor to engage in sexual activity, to wit: using both an Internet site, and text messaging to set up meetings with [BB], a person under the age of 18, for the purpose of engaging in sexual activity, and, under the circumstances, the conduct of the Accused was of a nature to bring discredit upon the armed forces.

The appellant did not move to dismiss this charge and specification at trial, move for a bill of particulars, or otherwise object to the wording of this charge and specification. We normally review the question of whether a specification is defective under a de novo standard. *United States v. Ballan*, 71 M.J. 28, 33 (C.A.A.F. 2012). However, when an appellant alleges for the first time on appeal that a specification fails to state an offense, we review the specification for plain error. *Id.* at 34 (citing *United States v. Cotton*, 535 U.S. 625, 631-32 (2002)). Under a plain error analysis of alleged defective specifications, the appellant "has the burden of demonstrating that: (1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right of the accused." *United States v. Girouard*, 70 M.J. 5, 11 (C.A.A.F. 2011) (citing *United States v. Powell*, 49 M.J. 460, 463-65 (C.A.A.F. 1998)).

We find no plain error in this specification. Assuming without deciding that the words "solicit, seduce, lure, or entice" mean distinct concepts, the Government is permitted to charge in the disjunctive. Military courts may disfavor charging in the disjunctive, but there is no outright prohibition on doing so. "While charging in the disjunctive is disfavored, under Article 134, [UCMJ,] it does not automatically render the specification fatally defective." *United States v. Miles*, 71 M.J. 671, 673 (N.M. Ct. Crim. App. 2012), *rev. denied*, 72 M.J. 257 (C.A.A.F. 2013). Our superior court has never explicitly disapproved of charging in the disjunctive, and in fact, the Court recently affirmed a conviction involving a similar specification as the instant case, although the sufficiency of the specification was not at issue on appeal. *See United States v. Payne*, 73 M.J. 19 (C.A.A.F. 2014).[4] We presume that if such a specification presents a plain and obvious error, our superior court would have addressed this matter when presented with such a defective specification.

Second, even assuming the specification presented plain or obvious error, no material prejudice to a substantial right of the accused resulted. "[I]n the plain error context the defective specification alone is insufficient to constitute substantial prejudice to a material right." *Humphries*, 71 M.J. 209, 215 (C.A.A.F. 2012) (citing *Puckett v. United States*, 556 U.S. 129, 142 (2009); *Cotton*, 535 U.S. at 631-32). Here, the appellant argues he has been prejudiced because he is unable to argue to this Court whether he was convicted of soliciting, seducing, luring, or enticing BB to engage in sexual activity. However, under the military's general verdict construct, the appellant is not entitled to know under exactly what theory he was convicted. "It makes no difference how many members chose one act or the other, one theory of liability or the other. The only condition is that there be evidence sufficient to justify a finding of guilty on any theory of liability submitted to the members." *United States v. Brown*, 65 M.J. 356, 359 (C.A.A.F. 2007) (quoting *United States v. Vidal*, 23 M.J. 319, 325 (C.M.A. 1987)). Even more importantly, the military judge's instructions in this case cured any possible

---

[4] The specification at issue in *United States v. Payne*, 73 M.J. 19, 24 (C.A.A.F. 2014), alleged that the appellant "wrongfully and knowingly attempt[ed] to persuade, induce, entice, . . . or coerce" a person the appellant believed was a 14-year-old girl to meet for the purposes of engaging in sexual activity.

prejudice to the appellant. The military judge instructed the members that to find the appellant guilty of this charge and specification, they would need to find that he "knowingly enticed a minor to engage in sexual activity." Thus, the military judge cured any potential ambiguity by effectively removing the words "solicit, seduce, lure or" from the specification. It is therefore apparent the members concluded the appellant "enticed" BB to engage in sexual activity, and the record contains sufficient evidence to support this finding.[5] We therefore find no plain error in the specification.[6]

*Legal and Factual Sufficiency – Indecent Liberties with a Child*

Finally, the appellant argues his conviction for indecent conduct is factually and legally insufficient because his request for BB to "to give him a blow job" was not indecent under the facts of this case. He argues BB's previous Internet-based communications on the subject of sex demonstrate that she had been exposed to sexual topics and willingly participated in such conversations using graphic terms. He therefore asserts that his request did not corrupt BB's morals. We disagree.

The standard of review for legal and factual sufficiency determinations is outlined in the first issue above. The elements of indecent liberties with a child are as follows:

(1) That the accused committed a certain act or communication;
(2) That the act or communication was indecent;
(3) That the accused committed the act or communication in the physical presence of a certain child;
(4) That the child was under 16 years of age; and
(5) That the accused committed the act or communication with the intent to:
(i) arouse, appeal to, or gratify the sexual desires of any person; or (ii) abuse, humiliate, or degrade any person.

---

[5] We have also examined whether the members' verdict following the military judge's instructions creates an error under *United States v. Walters*, 58 M.J. 391 (C.A.A.F. 2003). We find no such error. *Walters* only applies in those "narrow circumstance[s] involving the conversion of a 'divers occasions' specification to a 'one occasion' specification through exceptions and substitutions." *Id.* at 396.

[6] The appellant mistakenly relies on *United States v. Autrey*, 30 C.M.R. 252 (C.M.A. 1961) for the proposition that charging in the disjunctive is *per se* error. In *Autrey*, the Court stated: "It is settled law that an offense may not be charged in the conjunctive or the disjunctive. In such instances, the charge is void for lack of certainty." *Id.* at 253 (citations omitted). Despite this broad language, *Autrey*'s holding reflects a more narrow, fact-specific position based on a determination of whether the specification properly placed the accused on notice of the charge against him, whether it protected the accused against further prosecution for the same cause, and whether it adequately guided the court in determining the accused's guilt or innocence. *Id.* at 253-54. Thus, where the Government charged the appellant with wrongfully appropriating "money and/or property," the Court held that the specification was not sufficient because the "abominable combination of a conjunctive and a disjunctive" rendered it unclear exactly what the appellant was alleged to have wrongfully appropriated. *Id.* at 254. We agree the Government could have chosen more precise language in this specification. *See* Rule for Courts-Martial 307(c)(3). However, we see no cause for concern that the appellant lacked notice of the charge against him, is unprotected against further prosecution for the same act, or that the members lacked sufficient guidance in determining his guilt or innocence.

*MCM*, ¶ 45.b.(10). "Language is indecent if it tends reasonably to corrupt morals or incite libidinous thoughts." *MCM*, ¶ 45.c.(3).

The only element the appellant challenges is whether the appellant's communication was indecent. Examining "the entire record of trial to determine the precise circumstances under which the charged language was communicated," *United States v. Green*, 68 M.J. 266, 270 (C.A.A.F. 2010), we find that the appellant's request for 15-year-old BB to "give him a blow job" was indecent. BB was legally incapable of consenting to sexual activity with the appellant; therefore, propositioning her to perform a sex act necessarily tended to "corrupt morals." Even if BB had participated in explicit sexual discussions online, there is a marked difference between engaging in sexual discussions over the Internet and a 15-year-old girl being directly propositioned face-to-face by a 25-year-old Airman she had just met to perform a sexual act. BB refused the appellant's proposition, advising him that his request was "weird." The fact that the appellant lobbed his request to BB soon after meeting her in person, and immediately after she refused to allow him to touch her breasts, further supports the conclusion that the appellant's communication was indecent. We find the appellant's conviction for indecent liberties with a child factually and legally sufficient.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000). Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVE LUCAS
Clerk of the Court

ACM 38268