UNITED STATES, Appellee

v.

Raheem G. GREEN, Corporal
U.S. Marine Corps, Appellant

No. 09-0133

Crim. App. No. 200800005

United States Court of Appeals for the Armed Forces

Argued October 7, 2009

Decided January 20, 2010

ERDMANN, J., delivered the opinion of the court, in which
EFFRON, C.J., and BAKER, STUCKY, and RYAN, JJ., joined.

Counsel

For Appellant:  Lieutenant Michael E. Maffei, JAGC, USN
(argued); Lieutenant Heather L. Cassidy, JAGC, USN (on brief).

For Appellee:  Captain Mark V. Balfantz, USMC (argued); Colonel
Louis J. Puleo, USMC, and Brian K. Keller, Esq. (on brief);
Captain Geoffrey S. Shows, USMC.

Military Judge:  Brian E. Kasprzyk

**This opinion is subject to revision before final publication.**

United States v. Green, No. 09-0133/MC

Judge ERDMANN delivered the opinion of the court.

At a contested special court-martial with members, Corporal Rayheem Green was convicted of a number of charges involving indecent and inappropriate contact with a female Marine, including the offense of indecent language.[1]  He was sentenced to confinement for four months, reduction to pay grade E-1, forfeiture of $867.00 pay per month for a period of four months, and a bad-conduct discharge.  The convening authority approved the sentence and the United States Navy-Marine Corps Court of Criminal Appeals affirmed the findings and the approved sentence.  United States v. Green, No. 200800005, 2008 CCA LEXIS 303, 2008 WL 3983317 (N-M. Ct. Crim. App. Aug. 28, 2008) (unpublished).

"'Indecent' language is that which is grossly offensive to modesty, decency, or propriety, or shocks the moral sense, because of its vulgar, filthy, or disgusting nature, or its tendency to incite lustful thought. Language is indecent if it tends reasonably to corrupt the morals or incite libidinous thoughts. The language must violate community standards." Manual for Courts-Martial, United States pt. IV, para. 89.c, (2008 ed.) (MCM).  We granted review in this case to determine whether the specification charging Green with indecent language

---

[1] Green was convicted of failing to obey a lawful order, violation of a lawful general order, use of ecstasy, assault and battery, three specifications of indecent assault, and indecent language.

under Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2000), was legally sufficient where the charged language was "mmmm-mmmm-mmmm."[2]  In the context of this case, we find that the specification was legally sufficient and therefore affirm the Court of Criminal Appeals.

## Background

    Corporal (Cpl) Green worked as an ammunition technician at the Las Pulgas ammunition supply point at Camp Pendleton, California.  Corporal JL was also an ammunition technician but was assigned to another section in the ammunition company.  Due to manpower shortages, Cpl JL occasionally assisted in Green's section.  The two Marines were not social friends but rather were workplace acquaintances.  While working in an ammunition magazine one day, Cpl JL discovered a mistake on an ammunition can which was marked with Green's initials.  Cpl JL informed Green that "you f[.....] something up over here."  In response, Green came up behind Cpl JL and, pressing his chest against her back, said in her ear, "I didn't f[...] anything up, but I could f[...] you real good."  Cpl JL told Green to back off and, hoping that it was a one time thing, went back to work.

_____

[2] We granted review of the following issue:

> WHETHER THE LOWER COURT ERRED WHEN IT HELD THAT APPELLANT'S UTTERANCE OF "MMMM-MMMM-MMMM" WAS LEGALLY SUFFICIENT TO SUPPORT A CONVICTION FOR INDECENT LANGUAGE.

United States v. Green, 67 M.J. 408 (C.A.A.F. Apr. 17, 2009) (order granting review).

A week or two later Cpl JL and her husband and infant son were at a party with other Marines in the ammunition company, including Green. Cpl JL was dancing with her husband when Green came up to her and tried to pull her away from him. Cpl JL's husband told Green to back off and a short time later Cpl JL and her family left the party.

Several weeks later the two were again working together in an ammunition magazine and Green told Cpl JL that she had a bug on her shirt. Cpl JL began to "freak out" and Green told her to come over to him and he would help get it off. Cpl JL testified:

> I turned around, walked very quickly back to Corporal Green. He was sitting on a few cans of ammunition logging in the docs still, and he said, bend down, I'll get it. So I bent at the waist towards Corporal Green, he then grabbed my shirt and my skivvy blouse -- or my skivvy shirt and my cammie blouse, pulled it down and said mmmm-mmmm-mmmm.

Cpl JL knocked Green's hand away, told him he was a disgusting pervert and ran out of the magazine crying.

Several hours later Cpl JL went back to work in the magazine while Green was still working inside. Green walked up behind Cpl JL and began grinding his pelvic area across her buttocks. Cpl JL testified that she felt something hard like an erection. She punched Green in the chest. In response Green punched her in the arm, laughed and walked away. Cpl JL reported the incidents to her chain of command.

4

United States v. Green, No. 09-0133/MC

On appeal to the Navy-Marine Corps Court of Criminal Appeal, Green argued that the evidence was legally and factually insufficient to support the finding of indecent language and also argued that the charge of sexual harassment and the three specifications of indecent assault coupled with the charge of indecent language constituted an unreasonable multiplication of charges. In affirming the convictions, the lower court held that in regard to the indecent language charge, there was no requirement that the language at issue be an actual word. United States v. Green, 2008 CCA LEXIS 303, at *2-*3, 2008 WL 3983317, at *1-*2.

That court went on to find that the language, "mmmm-mmmm-mmmm," was sufficient under the facts of this case to constitute indecent language, noting that any utterance which meets the Manual's definition of indecency was sufficient. Green, 2008 CCA LEXIS 303, at *3-*4, 2008 WL 3983317, at *1-*2. The Court of Criminal Appeals concluded that:

> [T]he sound clearly related to the appellant's non-consensual and assaultive viewing of his co-worker's breasts. In this context, we are hard-pressed to think of any possible meaning for the appellant's expression that is not "grossly offensive to modesty, decency, or propriety . . . because of its vulgar, filthy, or disgusting nature.

Green, 2008 CCA LEXIS 303, at *4, 2008 WL 3983317, at *1 (alteration in original) (quotation marks omitted).

### Discussion

The challenged specification reads as follows:

5

> Specification 5:  In that Corporal Raheem G. Green, U.S.
> Marine Corps, on active duty, did, on board Marine Corps
> Base Camp Pendleton, California on or about 10 August 2006,
> orally communicate to [Cpl JL] certain indecent language,
> to wit:  "mmmm-mmmm-mmmmmm," or words to that effect, while
> looking down her blouse at her breasts.

This court reviews the issue of legal sufficiency de novo. United States v. Chatfield, 67 M.J. 432, 441 (C.A.A.F. 2009). In reviewing for legal sufficiency of evidence, this court must determine, "whether, considering the evidence in the light most favorable to the prosecution, a reasonable fact-finder could have found all the essential elements beyond a reasonable doubt."  United States v. Young, 64 M.J. 404, 407 (C.A.A.F. 2007) (citations omitted).  The elements of indecent language under Article 134, UCMJ, are as follows:

> (1) That the accused orally or in writing communicated
> to another person certain language;
>
> (2) That such language was indecent; and
>
> (3) That under the circumstances, the conduct of the
> accused was to the prejudice of good order and
> discipline in the armed forces or was of a nature to
> bring discredit upon the armed forces.[3]

MCM, pt. IV, para. 89.b.

Green argues that the evidence is legally insufficient to support the charge of indecent language under two theories: the sound "mmmm-mmmm-mmmm" is just that -- a sound or an utterance, and does not constitute language as contemplated under the offense of indecent language; and, in any event, the utterance is not "indecent" as that term is defined in the Manual and this court's jurisprudence.  The Government responds that there is no

---

[3] Green does not challenge this element of the offense in his legal insufficiency argument.

requirement that the language used be a word and that in the context of this case, the utterance was indecent.

Green initially argues that while "mmmm-mmmm-mmmm" is a sound, it is not a word and it is impossible to determine what he intended to convey by making the sound. Green points out that all of this court's prior cases discussing the offense of indecent language have only involved "words." We agree with Green that our prior decisions addressing the legal sufficiency of "indecent language" charges are limited to an examination of the "words" used by the appellants. However, that is easily explained by the fact that a situation where the alleged "language" is not a "word" is an issue of first impression before this court.

The term "language" is not defined in the Manual under the indecent language offense of Article 134, UCMJ. In the absence of any evidence to the contrary, this court has held that "ordinary definitions suffice." United States v. Roller, 42 M.J. 264, 265 (C.A.A.F. 1995). The term is defined in Black's Law Dictionary 958 (9th ed. 2009), as "[a]ny organized means of conveying or communicating ideas, esp. by human speech, written characters, or sign language." Here "mmmm-mmmm-mmmm" meets that definition of "language." It need not be a word. It was an audible sound that, as discussed below, was meaningful under the circumstances of this case. Green next argues that even if "mmmm-mmmm-mmmm" is considered "language" under the offense, it

does not meet the definition of "indecent" in the Manual or our

previous case law.  The President has provided a definition of

"indecent" language for this offense:

> [T]hat which is grossly offensive to modesty, decency,
> or propriety, or shocks the moral sense, because of
> its vulgar, filthy, or disgusting nature, or its
> tendency to incite lustful thought.  Language is
> indecent if it tends reasonably to corrupt morals or
> incite libidinous thoughts. The language must violate
> community standards.

MCM pt. IV, para. 89.c.  In United States v. Negron, 60 M.J. 136

(C.A.A.F. 2004), we discussed the application of this

definition:

> One final matter invites further attention.  Because a
> rehearing is authorized, it is necessary that we also
> address the confusion, apparent in this case, perhaps
> arising from this Court's decision in Brinson, regarding
> the definition of "indecent" applicable to charges of
> indecent language.  The President in Part IV of the MCM
> has provided that the use of certain expressly defined
> language is punishable for the offenses of indecent
> language and depositing obscene matter in the mail.
> MCM, Part IV, para. 89.c, provides two alternate
> definitions of "indecent language."  The use of the
> disjunctive in this paragraph makes clear that either
> definition of indecent language may be the legal
> authority for a conviction.  In addition to
> criminalizing language that is grossly offensive because
> of "its tendency to incite lustful thought," the
> President made punishable indecent language that "is
> grossly offensive to modesty, decency, or propriety, or
> shocks the moral sense, because of its vulgar, filthy,
> or disgusting nature."  Simply stated, paragraph 89.c
> presents two different definitions to measure speech
> that may be a crime, dependent on the context in which
> it is spoken. We adopt and will apply this plain
> language of the Manual prospectively to cases tried
> after the date of this decision.  See United States v.
> Moore, 28 M.J. 366, 367 (C.M.A. 1989).

Id. at 144.

As this case was tried after Negron was issued, we will rely on the President's definition in the Manual, recognizing that the Manual definition incorporates portions of our earlier decisions.[4] As Negron makes clear, the President's definition of "indecent language" has two alternative definitions, either of which may be relied upon under the offense: (1) grossly offensive to modesty, decency, or propriety, or shocks the moral sense, because of its vulgar, filthy, or disgusting nature; or (2) grossly offensive because of its tendency to incite lustful thought. Id. We take this occasion to clarify that the final two sentences of the definition: "[l]anguage is indecent if it tends reasonably to corrupt morals or incite libidinous thoughts. The language must violate community standards[,]" do not create separate definitions but rather modify and further explain the two definitions identified in Negron.

Turning to whether the utterance "mmmm-mmmm-mmmm" constitutes "indecent" language, as we noted in United States v. Brinson, 49 M.J. 360, 364 (C.A.A.F. 1998), we cannot make this determination in isolation. We must "examine the entire record of trial to determine the precise circumstances under which the charged language was communicated." Id. at 364. See also

---

[4] See United States v. French, 31 M.J. 57 (C.M.A. 1990); United States v. Hullett, 40 M.J. 189 (C.M.A. 1994); United States v. Coleman, 48 M.J. 420 (C.A.A.F. 1998); United States v. Brinson, 49 M.J. 360 (C.A.A.F. 1998). Our reliance on the Manual definition does not vitiate the discussions in these cases related to nondefinitional issues.

United States v. Green, No. 09-0133/MC

Negron, 60 M.J. at 141.  Green argues that the Court of Criminal Appeals held that the utterance was indecent simply because it was "related" to the indecent assault of Cpl JL.  However, the lower court correctly noted that the indecency of a word or sound must be evaluated in the context in which it is made. Green, 2008 CCA LEXIS 303, at *3, 2008 WL 3983317, at *1.  That court correctly reviewed the surrounding circumstances to establish the context of the utterance.

Green and Cpl JL were not social friends and this is not a case involving conduct that reflects a common, accepted practice in the workplace.  Cf. United States v. Brown, 55 M.J. 375 (C.A.A.F. 2001); Hullett, 40 M.J. 189.  The record clearly reflects that Green demonstrated his sexual predatory nature in a number of encounters with Cpl JL. We cannot ignore Green's actions when he uttered "mmmm-mmmm-mmmm" -- he had grabbed and pulled Cpl JL's shirt down and was looking at her breasts.  Nor can we ignore Cpl JL's immediate reaction in calling him a "disgusting pervert."

The Court of Criminal Appeals found that in the context of this case, the language met the Manual definition of "indecent language" by being "grossly offensive to modesty, decency, or propriety . . . because of its vulgar, filthy, or disgusting nature."  Green, 2008 CCA LEXIS 303, at *3, 2008 WL 3983317, at *1 (alteration in original) (quotation marks omitted). Considering the evidence in the light most favorable to the

10

prosecution, we agree with the Court of Criminal Appeals that a reasonable factfinder could have found all the essential elements of the specification alleging "indecent language" beyond a reasonable doubt.

## Decision

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.