# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Airman First Class KYLE W. LIGHTNER
### United States Air Force

### ACM 38253

### 14 March 2014

Sentence adjudged 17 August 2012 by GCM convened at Holloman Air Force Base, New Mexico. Military Judge: Matthew D. van Dalen.

Approved Sentence: Bad-conduct discharge, restriction to the limits of Holloman Air Force Base, New Mexico for 30 days, forfeiture of $200.00 per month for 1 month, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Nicholas D. Carter.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel C. Taylor Smith; Major Terence S. Dougherty; and Gerald R. Bruce, Esquire.

Before

ROAN, HELGET, and HECKER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

HECKER, Judge:

Contrary to his pleas, the appellant was convicted at a general court-martial of attempting to communicate indecent language to a child; attempting to provide alcohol to another child and providing alcohol to her; and willfully disobeying a court order to refrain from contact with children, in violation of Articles 80 and 134, UCMJ,

10 U.S.C. §§ 880, 934.[1]  Officer and enlisted members sentenced him to a bad-conduct discharge, restriction to base for 30 days, forfeiture of $200 pay per month for 1 month, and reduction to E-1.  The convening authority approved the sentence as adjudged.

The appellant raises four issues on appeal:  (1) His conviction for attempted communication of indecent language must be set aside because the indecent language is constitutionally protected and/or not indecent under the facts of this case; (2) The Article 134, UCMJ, specifications fail to state an offense because the two terminal elements were alleged and guilt was adjudged in the disjunctive; (3) The military judge committed plain error when he failed to correct trial counsel's improper argument in support of a bad-conduct discharge; and (4) The evidence is factually insufficient to sustain his conviction for providing alcohol to a child.  Finding no error materially prejudicial to the substantial rights of the appellant, we affirm.

*Background*

As part of an undercover operation in September 2011, a female investigator with the special victims unit of a Florida police department placed an advertisement in the "casual encounter" section of Craigslist, a classified service available through the Internet.  This portion of the website is generally used by people interested in engaging in sexual encounters.  The advertisement was posted in the Florida section and was titled "Bored teen chick lonely 2nite!"  It indicated she was "[l]ooking for a nice guy for a good time.  I got th[e] house to myself 4 the next couple nites[.]  Hit me up 4 more!"

The 21-year-old appellant responded to the advertisement, stating he was from Florida and had just flown in from Las Vegas where he was assigned as an Airman.  Using shorthand and jargon typical of a teenager, the investigator responded saying, "I am a cool 14 year old chick . . . but I look older than my age . . . hope that doesn't bother u.  If ur still interested . . . lemme no[.]"  The appellant replied, "[I] don't think it would," and asked her if she had a Facebook account.  The investigator said she had a Facebook account but could not "friend" him because her mother monitored her account.  However, she provided him with her name ("Amber Chapman") and city so the appellant could see her public Facebook page.  The appellant reciprocated by providing his name so she could view his Facebook page.

When "Amber" asked "so now what?," the appellant asked how long she would be alone in the house and if she would send photographs of herself.  "Amber" advised that her mother would be home in two days and sent the appellant a photograph of another female investigator that had been age-regressed to make it appear she was a young teenager.  The appellant's response was that "you don't look so young."  She again told

---

[1] The appellant was acquitted of attempted aggravated assault of a child and of aggravated assault and sodomy with a second child as charged under Articles 80 and 120, UCMJ, 10 U.S.C. §§ 880, 920.

him she was 14 years old and asked what he wanted to do. In response to his question about whether she wanted to "go out," Amber said she could not do so as she was 14 years old, so he asked if she wanted to watch a movie or "cuddle" at her house. He also mentioned doing something "sexual" and asked her for a nude photograph. Within a few minutes, the appellant was graphically describing certain sexual acts he would engage in with her if they met in person. This language served as the basis of his conviction for attempting to engage in indecent communications with a child under 16 years old.

The next afternoon, the appellant contacted "Amber" over instant message and asked her to speak to him by telephone so he could be sure she was "real." After another female investigator spoke to him for a few minutes, he messaged "Amber" that "you just don't sound 14." He indicated he wanted to "do stuff" and arranged to meet at her house. Through messages sent while he was driving to the house, the appellant asked her to answer the door naked. He also stopped to buy condoms. When he arrived, the appellant was arrested at the front door.[2]

At his first appearance in civilian court in Florida, probable cause was found to indicate the appellant used a computer service and two-way device to solicit a child and traveled to meet a minor. A condition of his release on bond was that he have no contact with any minors (under 18 years old).

Despite this, the appellant soon resumed contact with KS, a girl from New Mexico he had met online in 2009 when she was 15 years old. After law enforcement discovered he was now texting her about sexual matters, civilian investigators had KS arrange to meet the appellant at a local hotel. After he showed up with alcohol, the appellant was again arrested. For this, he was convicted of willfully disobeying a court order and attempting to provide a minor with alcohol.[3]

*Attempted Indecent Communication with a Minor*

The appellant argues his sexually-oriented communications with "Amber" occurred in an Internet location used almost exclusively by adults to arrange casual sexual encounters and these communications were private. He also argues the military community does not protect children from this type of sexual content, as demonstrated by the sale of pornographic magazines on military bases and the use of sexually explicit language and images in music and on television. Relying on these arguments, he claims

---

[2] The appellant was acquitted of attempting to commit an aggravated sexual assault (penile penetration) on "Amber."

[3] KS testified that she and the appellant first engaged in sexual intercourse and sodomy in late 2009. She was not certain about the date of their first encounter, and the defense apparently was successful in its argument that the Government had not proved it occurred prior to her 16th birthday as the appellant was acquitted of committing aggravated sexual assault on and sodomy of a child under 16. He was convicted of providing her alcohol between 2009 and 2011.

his communications are constitutionally-protected speech under the First Amendment[4] or, in the alternative, are not indecent under the facts of the case. We disagree.

An appellant's argument that his communications do not constitute "indecent language" raises a claim the evidence is legally and/or factually insufficient to support his conviction. We review such issues de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we] are [ourselves] convinced of the [appellant]'s guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987). The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *Turner*, 25 M.J. at 324 (citation omitted). Similarly, when "an appellant argues that a statute is 'unconstitutional as applied,' we conduct a fact-specific inquiry." *United States v. Ali*, 71 M.J. 256, 265 (C.A.A.F. 2012).

The First Amendment's guarantee of free speech does not extend to obscenity. *United States v. Moore*, 38 M.J. 490, 492 (C.M.A. 1994); *Miller v. California*, 413 U.S. 15, 23 (1973). "'Indecent' is synonymous with 'obscene,' and such language is not afforded constitutional protection." *Moore*, 38 M.J. at 492. Indecent language is also not protected by the Fourth Amendment[5] just because a conversation is held in private. *Id*. The *Manual for Courts-Martial* defines "indecent language" as:

> [T]hat which is grossly offensive to modesty, decency, or propriety, or shocks the moral sense, because of its vulgar, filthy, or disgusting nature, or its tendency to incite lustful thought. Language is indecent if it tends reasonably to corrupt morals or incite libidinous thoughts. The language must violate community standards.

*Manual for Courts-Martial*, Part IV, ¶ 89.c. (2012 ed.); *See also United States v. Negron*, 60 M.J. 136, 144 (C.A.A.F. 2004). Even words that are not per se indecent can meet this definition when considered within the context in which they were uttered. *United States v. Hullett*, 40 M.J. 189, 191 (C.M.A. 1994) (identifying several factors that could make language indecent, including "fluctuating community standards of morals and manners, the personal relationship existing between a given speaker and his auditor, motive, intent and the probable effect of the communication"). Therefore, we examine the entire record of trial to determine the exact circumstances under which the charged language was communicated, *United States v. Green*, 68 M.J. 266, 270 (C.A.A.F. 2010), and whether the language is calculated to corrupt morals or excite libidinous thoughts. *United States*

---

[4] U.S. CONST. amend. I.
[5] U.S. CONST. amend. IV.

*v. French*, 31 M.J. 57, 60 (C.M.A. 1990). The relevant community standard is the military community. *Hullett*, 40 M.J. at 191

While communicating with someone who said she was a 14-year-old girl, the appellant asked her (in very crude terms) if she liked engaging in sodomy, if she wanted him to digitally penetrate her, and whether she shaved her pubic area. He also described how he would perform sodomy on her. Viewed in the context of the entire record, including the words he used and the circumstances under which this language was communicated, we find the appellant's language meets the standard of indecency articulated by the Uniform Code of Military Justice and relevant case law. We find the appellant intended these words to corrupt morals or excite libidinous thoughts in the mind of someone he believed was a 14-year-old girl. We thus find the evidence is both factually and legally sufficient to sustain the appellant's conviction and that this indecent language is not constitutionally-protected speech.

*Failure to State an Offense*

The appellant was charged with providing alcohol to KS in 2009, wrongfully disobeying a court order regarding contact with minors and attempting to communicate indecent language with a child based on his contact with "Amber." Each of these specifications alleged that the stated conduct was "prejudicial to good order and discipline in the armed forces or of a nature to bring discredit upon the armed forces." The panel convicted the appellant of the specifications as charged. The appellant now alleges that these specifications fail to state an offense because they alleged the terminal element in the disjunctive.

In making this argument, the appellant relies on language from our superior court's decision in *United States v. Autrey*, 30 C.M.R. 252, 253 (C.M.A. 1961) (stating an offense charged in the disjunctive is void for lack of certainty) and the Supreme Court's decision in *The Confiscation Cases*, 87 U.S. 92, 104 (1873) (noting a disjunctive charge "would be destitute of the necessary certainty and would be wholly insufficient [because] [i]t would not give the accused definite notice of the offence charged" and would not provide protection against double jeopardy). The appellant claims he is vulnerable to the possibility of a second prosecution because of the disjunctive pleading and verdict. He does not claim any lack of notice from the disjunctive pleading.

We review whether a specification is defective de novo. *United States v. Ballan*, 71 M.J. 28, 33 (C.A.A.F. 2012). When this issue of a defective specification is raised for the first time on appeal, the issue is forfeited in the absence of plain error. *United States v. Humphries*, 71 M.J. 209, 211 (C.A.A.F. 2012). Plain error can be established if the appellant can show: "(1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right of the accused." *United States v. Girouard*, 70 M.J. 5, 11 (C.A.A.F. 2011).

We agree with our sister court's resolution of this issue in *United States v. Miles*, 71 M.J. 671, 673 (N-M. Ct. Crim. App. 2012). That court noted that disjunctive charging is disfavored but does not automatically render a specification fatally defective. *Id.* When a pleading includes sufficient specificity as to time, place, other individuals involved and the nature of the offenses, it precludes any chance of the appellant facing a second trial on the same offense. *Id.* at 674; Rule for Courts-Martial 307(c)(3), Discussion. The specifications in this case provide enough specificity relative to the details of the charged offenses such that the appellant would not face a second trial relative to them. We thus find no plain error and this assignment of error is without merit.

*Factual Insufficiency*

The appellant argues the evidence is factually insufficient to sustain his conviction for providing alcohol to KS between 2009 and 2011 because the only evidence to support the conviction was the testimony of KS "who was known throughout the community to be a liar" and who did not remember who provided the alcohol to her on some of the occasions during this time period. We disagree. Having weighed the evidence in the record of trial and making allowances for not having personally observed the witnesses, we ourselves are convinced beyond a reasonable doubt that the appellant provided alcohol to KS on more than one occasion between 2009 and 2011. *Turner*, 25 M.J. at 325.

*Sentencing Argument*

Improper argument is a question of law we review de novo. *United States v. Pope*, 69 M.J. 328, 334 (C.A.A.F. 2011). The standard of appellate review for an improper argument is governed by the content of the argument and whether there was an objection at trial. *United States v. Erickson*, 63 M.J. 504, 509 (A.F. Ct. Crim. App. 2006) *aff'd*, 65 M.J. 221 (C.A.A.F. 2007). "The legal test for improper argument is whether the argument was erroneous and whether it materially prejudiced the substantial rights of the accused." *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000). If trial defense counsel fails to object to the complained of portion of the sentencing argument, we review that claim for plain error. *United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007) (citations omitted). To prevail when there is no objection at trial, the appellant must prove: "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Id.*

"When arguing for what is perceived to be an appropriate sentence, the trial counsel is at liberty to strike hard, but not foul, blows." *Baer*, 53 M.J. at 237 (citations omitted). "[I]t is error for trial counsel to make arguments that 'unduly . . . inflame the

passions or prejudices of the court members.'" *United States v. Schroder*, 65 M.J. 49, 58 (C.A.A.F. 2007) (quoting *United States v. Clifton*, 15 M.J. 26, 30 (C.M.A. 1983)).

During his sentencing argument, trial counsel argued the appellant should receive a bad-conduct discharge (BCD), stating:

> [After being caught, the appellant] continues committing further misconduct. So, *there is no other appropriate characterization than a punitive discharge to appropriately characterize his service.* Now that's not to say he can't go to do it out [sic] and come back from this at some point in the future, but his conduct in the Air Force while he's authorized to wear this uniform, has not met even close to the standards that we expect of our Airmen, on [sic] anyone. So he needs the BCD because–we talk about those principles of sentencing the military judge mentioned[-] he needs to be punished and his *service needs to have the appropriate stamp on it.* Because it is not improper; it has not been good and that's why you give the BCD because you punish him. You say we won't tolerate this. This is not acceptable. This repeated misconduct; that's why you get a BCD . . . . This is not a consequence-free environment. You have to punish him and *the appropriate way to punish him is to put that red "X" in his service in the United States Air Force.* (emphasis added)

Although he did not object at trial, the appellant now argues this sentencing argument improperly blurred the distinction between a punitive discharge and an administrative discharge, and that the military judge committed plain error when he failed to correct the trial counsel.

A punitive discharge is "not intended to be a vehicle to make an administrative decision about whether an accused should be retained or separated." *United States v. Ohrt*, 28 M.J. 301, 306 (C.M.A. 1989). Therefore, it is improper to "blur[] the distinction between a punitive discharge and administrative separation." *United States v. Motsinger*, 34 M.J. 255, 257 (C.M.A. 1992). To determine whether an argument was improper, the argument "must be viewed within the context of the entire court-martial. The focus of our inquiry should not be on words in isolation, but on the argument as 'viewed in context.'" *Baer*, 53 M.J. at 238 (quoting *United States v. Young*, 470 U.S. 1, 16 (1985)). The lack of trial defense counsel's objection is at least "some measure of the minimal impact" of the trial counsel's allegedly improper argument. *United States v. Gilley*, 56 M.J. 113, 123 (C.A.A.F 2001)(citations and internal quotation marks omitted).

Viewing trial counsel's entire argument, we find no error in trial counsel's brief statements that the appellant's service must be characterized with a bad-conduct discharge. Trial counsel's overall argument unquestionably concentrated on why a bad-conduct discharge was appropriate for the appellant. Consistent with the instructions

provided by the military judge, trial defense counsel then warned the members, "Let's be very clear, members, a bad-conduct discharge is punishment. That's what it is; it's punishment; one of the most severe forms that you can get." Interpreting trial counsel's statements in context, we find the argument properly commented on the appropriateness of a bad-conduct discharge as punishment and did not suggest that it should be used simply to separate the appellant from the Air Force. Furthermore, the military judge properly instructed the members on punitive discharges and their use as punishment following a court-martial conviction. Court members are presumed to follow the military judge's instructions absent evidence to the contrary. *United States v. Rushatz*, 31 M.J. 450, 456 (C.M.A. 1990). We see no reason to find otherwise in this case. In addition, even assuming there was plain error in the military judge allowing trial counsel's statement, the appellant has not met his burden of establishing the prejudice prong of the plain error analysis, given the appellant's military record and the offenses he was convicted of committing.

## Conclusion

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court