# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant KEVIN M. DUPONT**
**United States Army, Appellant**

ARMY 20180481

Headquarters, 1st Special Forces Command (Airborne)
Fansu Ku and Charles L. Pritchard, Jr., Military Judges
Lieutenant Colonel Scott T. Ayers, Staff Judge Advocate

For Appellant:  Captain Benjamin J. Wetherell, JA; Captain Timothy G. Burroughs, JA.

For Appellee:  Pursuant to A.C.C.A.  Rule 15.4, no response filed.

14 March 2019

----------------------------------
SUMMARY DISPOSITION
----------------------------------

FEBBO, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of viewing child pornography, in violation of Article 134 of the Uniform Code of Military Justice, 10 U.S.C. § 934 [UCMJ].

This case is before us for review pursuant to Article 66, UCMJ.  Appellant does not raise any assigned errors.  We, however, have identified one error and provide appellant with two months of sentence relief.

## BACKGROUND

Appellant was a twenty-six-year-old Sergeant assigned to Elgin Air Force Base.  Between 2012 and 2017, appellant used the internet to search for and view child pornography.  He used search terms such as "Brazilian preteen," "jailbait," "slutty preteen pics," and "nude toddlers."

Around December 2016, appellant sent a message through the Kik messenger application to his fifteen-year-old niece. He had known his niece since she was a baby, found his niece sexually attractive, and wanted to obtain naked pictures of his niece. During an exchange of text messages with his niece, appellant sent the message, "I have an idea, I want to see your body." Surprised, his niece asked what he meant by the text. Appellant replied, "That's not right" and "I just asked you for a naked photo. Please delete that." He asked her to delete the message because he knew the message was wrong and was worried he would get in trouble.

Appellant's niece informed her father—appellant's brother—about appellant's message and the U.S. Army Criminal Investigation Command (CID) initiated an investigation. During the investigation, CID obtained a search warrant for appellant's computers and found appellant's stored child pornography. Appellant was charged with possession of child pornography under Article 134, sexual abuse of a child under sixteen years of age by committing a lewd act through indecent language under Article 120b(c), and abusive sexual contact of a fellow soldier under article 120(d).

Appellant and the convening authority entered into a pretrial agreement. Appellant agreed to plead guilty to possessing child pornography under Article 134 and sexual abuse of a child under Article 120b(c). Appellant agreed to plead not guilty to the abusive sexual contact charge under Article 120(d) but guilty of the "lesser included offense" of assault consummated by a battery under Article 128.[1] In exchange, the convening authority agreed to disapprove any confinement in excess of *twelve months*.

In May 2018, appellant was arraigned and offered a plea of guilty pursuant to his pretrial agreement. During the *Care* inquiry, the military judge found appellant's plea was not provident as to the offenses of sexual abuse of a child and assault consummated by a battery.[2] The military judge entered a plea of not guilty for appellant and granted a request to continue the trial.

---

[1] As the military judge noted, the pre-trial agreement incorrectly referenced the assault consummated by a battery charge as lesser-included offense of abusive sexual contact. The elements of the former offense are not necessarily included in the later offense. *United States v. Armstrong*, 77 M.J. 465, 467 (C.A.A.F. 2018).

[2] During the *Care* inquiry, appellant explained that it was not unusual for him to throw his hands and feet around in the unit. He stated he did not remember touching the female soldier's back but may have done so unintentionally. The military judge properly found the appellant was not provident to the assault consummated by a battery charge.

In June 2018, appellant entered into a new pretrial agreement with the convening authority. Appellant agreed to plead guilty to viewing child pornography and not guilty to the sexual abuse of a child and assault consummated by a battery charges. The convening authority agreed to disapprove any confinement in excess of *fourteen months*.

In July 2018, appellant pleaded guilty to viewing child pornography and was found provident to the charge.[3] The military judge sentenced appellant to a dishonorable discharge, eighteen months of confinement, and reduction to the grade of E-1.

Based on the pretrial agreement, the convening authority approved only so much of appellant's sentence as provided for a dishonorable discharge, fourteen months of confinement, and reduction to the grade of E-1. This was two months more confinement than appellant's original agreement with the convening authority. In other words, because his initial plea was rejected, appellant's sentence was increased.

## LAW AND DISCUSSION

Although not raised as an assigned error, we consider whether the military judge should have accepted appellant's guilty plea during the first hearing.

We review a military judge's acceptance of an accused's guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008); *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). "The providence of a plea is based not only on the accused's understanding and recitation of the factual history of the crime, but also on an understanding of how the law relates to those facts." *United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008) (citing *United States v. Care*, 40 C.M.R. 247, 250-51 (C.M.A. 1969).

Prior to the *Care* inquiry at the first hearing, the military judge conducted a session under Rule for Courts-Martial 802. The military judge "expressed concerns" about whether appellant could "be provident" to the charge under Article 120b(c) and "whether the charged language is indecent as a matter of law."

The military judge asked the parties to provide cases to support the proposition that asking to see the nude body of a minor child followed by a request to delete the text was a lewd act. The defense counsel cited two cases from our superior court, *United States v. Greene*, 68 M.J. 266 (C.A.A.F. 2010) and *United States v. French*, 31 M.J. 57 (C.M.A. 1990), which supported the conclusion that context matters when assessing whether language is indecent. The defense counsel

---

[3] A different military judge conducted the second *Care* inquiry.

argued that the military judge should accept the plea as the language was of "a nature that is calculated to corrupt the morals or incite libidinous thought" and violated community standards. In support of appellant's plea, the government counsel cited to *United States v. Baker*, ARMY 20140396, 2016 CCA LEXIS 341, *6 (Army Ct. Crim. App. 13 May 2016) ("there is no question that wrongfully asking a minor for a nude photo can be criminally sanctioned. Indeed, the government could arguably have charged appellant's misconduct as Article 120b(c), UCMJ (2012), Sexual Abuse of a Child, under a 'lewd act' theory.").

Appellant explained to the military judge that he knew his niece was fifteen years old. He asked to see a picture of her naked for his sexual gratification. He explained his intent was to "gratify a sexual intent in order to get a nude photo of her, or a sexually explicit photo." He explained the text violated community standards as it was wrong to ask for sexually explicit pictures from a fifteen-year-old, especially a niece. After sending the text, he knew it was wrong. Appellant's statements on the record were consistent with the stipulation of fact and he did not equivocate or deny the wrongfulness of his actions. In the stipulation of fact, appellant further stated he found his niece "attractive and wanted to see her nude."

The military judge found appellant was not provident to the Article 120b(c) offense. The military judge never explicitly explained why she found appellant improvident. In the context of the *Care* inquiry, and the military judge's subsequent ruling on the government's motion for her recusal, we find the military judge concluded the charged language was not indecent as a matter of law. We disagree.

We easily conclude that appellant was provident to the offense of sexual abuse of a child by committing a lewd act. There are circumstances where telling a fifteen-year-old relative "I want to see your body" would not be indecent. Such circumstances were not present in appellant's case. Appellant specifically admitted that his statement was a request for nude photos to satisfy his sexual attraction to a child. Appellant's request was plainly indecent. In his own words, appellant "intended to corrupt her." Appellant's fifteen-year-old niece *clearly* understood that appellant's message violated community standards as she immediately reported appellant's conduct.

Appellant's subsequent request that his niece delete his indecent communication did not remedy his wrong. Appellant's crime was complete the moment his niece received his message asking for a picture of her naked. When appellant asked his niece to delete his message he was not rendering the text exchange harmless. Rather, he was asking her to delete evidence of his crime.

A military judge normally has broad discretion in conducting a providence inquiry and accepting or rejecting a guilty plea. *Inabinette*, 74 M.J. at 480. "The abuse of discretion standard calls for more than a mere difference of opinion."

4

*United States v. Wicks*, 73 M.J. 93, 98 (C.A.A.F. 2014) (citations and internal quotation marks omitted).  Whether a specification states an offense, however, is a question of law reviewed de novo. *United States v. Crafter*, 64 M.J. 209, 211 (C.A.A.F. 2006).

The specification alleging appellant violated Article 120b(c) stated an offense, and based on appellant's statements during the *Care* inquiry, the charged language was, indeed, indecent under the circumstances.  As a result, the military judge abused her discretion by rejecting appellant's plea of guilty as to the Article 120b(c) charge.  The military judge's erroneous rejection of appellant's plea contributed to appellant not satisfying the terms of his first pretrial agreement with the convening authority.  We conclude appellant was materially prejudiced because, as a result of the military judge's refusal to accept his plea, the convening authority ultimately approved two months more confinement than he would have approved under appellant's original pretrial agreement.[4]  We will reassess appellant's sentence in our decretal paragraph accordingly.

## CONCLUSION

Having found no substantial basis in law or fact to question appellant's pleas, the findings are AFFIRMED.

Reassessing the sentence on the basis of the error noted and the entire record, we AFFIRM only so much of the sentence as provides for a dishonorable discharge, twelve months of confinement, and reduction to the grade of E-1.  All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision, are ordered restored.

Senior Judge MULLIGAN and Judge SCHASBERGER concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[4] We do not mean to suggest that an accused has a right to enter into a pretrial agreement, or a right to plead guilty without being provident to such a plea. *See, e.g., Care* at 253.  In this case, however, the military judge erroneously rejected appellant's lawful and provident plea, and thus forced appellant to breach his lawful pretrial agreement with the convening authority.  As this error inured to appellant's detriment, we grant relief.