# United States Navy-Marine Corps Court of Criminal Appeals

_____

**UNITED STATES**
Appellee

**v.**

**Kong M. YANG**
Lance Corporal (E-3), U.S. Marine Corps
Appellant

**No. 201800127**

Appeal from the United States Navy-Marine Corps Trial Judiciary.

Decided: 25 March 2019.

Military Judge:
Lieutenant Colonel Eugene H. Robinson, Jr., USMC.

Approved Sentence: Reduction to E-1, total forfeiture of pay and allowances, confinement for 24 months,[1] and a bad conduct discharge. Sentence Adjudged: 26 January 2018 by a general court-martial convened at Camp Foster, Okinawa, Japan, consisting of a military judge sitting alone.

For Appellant:
_Captain Bree A. Ermentrout, JAGC, USN._

For Appellee:
_Lieutenant Commander Brian C. Burgtorf, JAGC, USN._

_____

---

[1] The Convening Authority (CA) suspended confinement in excess of 15 months pursuant to a pretrial agreement. As an act of clemency, the CA disapproved the adjudged reprimand.

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

Before HUTCHISON, TANG, and GEIS,
*Appellate Military Judges.*

PER CURIAM:

The appellant was convicted, pursuant to his pleas, of two specifications of attempted sexual abuse of a child in violation of Article 80, UCMJ, 10 U.S.C. § 880, for attempted violations of Article 120b(c), UCMJ (2012). As charged, Specification 1 alleged an attempted violation of Article 120b(b), sexual assault of a child, for the appellant's attempt to engage in a sexual act with a person he believed to be a child. Pursuant to a pre-trial agreement, the appellant pleaded guilty to Specification 1 by exceptions and substitutions, admitting that he attempted sexual abuse of a child by attempting to touch the genitalia of a person he believed to be a child. He pleaded guilty to Specification 2 as charged, admitting that he attempted sexual abuse of a child by committing the lewd act of intentionally communicating indecent language via electronic messages to a person he believed to be a child.

The appellant asserts that his conviction of Specification 2 is legally and factually insufficient[2] because, in his communications with the person he believed to be a child, he did not use indecent language as that term is defined in MANUAL FOR COURTS-MARTIAL, UNITED STATES, Part IV, ¶ 89.c (2016 ed.) (MCM).[3] We disagree and, finding no prejudicial error, affirm.

## I. BACKGROUND

On 31 October 2017, the appellant responded to a post on a location-based social media application from someone identifying herself as "Alexandria," a

---

[2] In the context of a guilty plea, we do not review the legal or factual sufficiency of the conviction, but rather, we examine whether the military judge abused his discretion by accepting the appellant's plea of guilty. *United States v. Simpson*, 77 M.J. 279, 282, (C.A.A.F. 2018).

[3] This definition relates to the offense of Indecent Language under Article 134, UCMJ, 10 U.S.C. § 934.

female on Okinawa. The appellant engaged in a brief conversation with "Alexandria" on the social media application before continuing the conversation via instant message. The appellant asked "Alexandria" her age, and she responded that she was 15 years old and the daughter of an Air Force master sergeant stationed at Kadena Air Base. In fact, "Alexandria" was the undercover alias of a Naval Criminal Investigative Service (NCIS) agent.

The appellant engaged "Alexandria" in a sexually charged conversation. He exchanged photographs with "Alexandria" and sent her a photograph of himself shirtless. The appellant then went to the house where "Alexandria" said she lived. When he arrived, NCIS agents apprehended him and found three condoms in his pocket. He later admitted that he went to "Alexandria's" home intending to engage in sexual contact with her.

Additional facts necessary to resolve the single AOE are recited below.

## II. DISCUSSION

Prior to accepting a guilty plea, a military judge must ensure the plea is supported by a factual basis. Article 45(a), UCMJ; *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969); RULE FOR COURTS-MARTIAL 910(e), MCM.

> We review a military judge's acceptance of a guilty plea for an abuse of discretion and questions of law arising from the guilty plea *de novo*. In the event that an accused sets up a matter inconsistent with their plea of guilty, the military judge must resolve the inconsistency or reject the plea. A military judge abuses this discretion if he fails to obtain from the accused an adequate factual basis to support the plea—an area in which we afford significant deference. A ruling based on an erroneous view of the law is also an abuse of discretion. This Court will not set aside an accused's guilty plea on appeal unless there is a substantial basis in law or fact for questioning the plea.

*United States v. Simpson*, 77 M.J. 279, 282, (C.A.A.F. 2018) (citations and quotation marks omitted).

The appellant asserts that his language was not indecent because it did not include "graphic description[s] of sexual acts or crude language" and was not accompanied by explicit photographs.[4] Further, the appellant also claims

---

[4] Appellant's Brief of 2 Jul 2018 at 6.

that his language was not indecent because, in addition to discussing sex, he also discussed other activities in which he and "Alexandria" could engage—such as playing a game, ordering pizza, watching a movie, and cuddling.

In pleading guilty to the attempted sexual abuse of a child, the appellant admitted that he had committed a "lewd act" by communicating the language alleged. "Lewd act" is defined in Article 120b(h)(5)(C) as "intentionally communicating indecent language to a child by any means, including via any communication technology, with an intent to abuse, humiliate, or degrade any person, or to arouse or gratify the sexual desire of any person." However, Article 120b, UCMJ, does not specifically define the term "indecent language" as it is used in Article 120b(h)(5)(C).

The term "indecent language" is defined elsewhere in the MCM, however, as part of the presidentially-defined UCMJ Article 134 offense of "Indecent Language":

> "Indecent" language is defined as that which is grossly offensive to modesty, decency, or propriety, or shocks the moral sense, because of its vulgar, filthy, or disgusting nature, or its tendency to incite lustful thought. Language is indecent if it tends reasonably to corrupt morals or incite libidinous thoughts. The language must violate community standards.

MCM, Part IV, ¶ 89.c.

In evaluating whether language is indecent, we "cannot make th[e] determination in isolation." *United States v. Green*, 68 M.J. 266, 270 (C.A.A.F. 2010). Rather, we "must examine the entire record of trial to determine the precise circumstances under which the charged language was communicated." *Id.* (internal citation and quotation omitted). Further, "the indecency of a word or sound must be evaluated in the context in which it is made." *Id.* (citing and affirming *United States v. Green*, No. 200800005, 2008 CCA LEXIS 303 (N-M. Ct. Crim. App. 28 Aug 2008) (unpub. op.)). We must look at "the surrounding circumstances to establish the context of the utterance." *Id.*; *see also United States v. Rheel*, No. 201100108, 2011 CCA LEXIS 370, *19-20 (N-M. Ct. Crim. App. 20 Dec 2011) (unpub. op.) ("Our review of the circumstances of the communication of the appellant's language is not limited to the exact moment of the communication of the alleged innocuous language."). "[L]anguage which is on its face innocuous may be indecent if the context in which the language is used sends an indecent message." *United States v. Hullett*, 40 M.J. 189, 192 (C.M.A. 1994).

In *Green*, the Court of Appeals for the Armed Forces (CAAF) considered the history of sexually provocative remarks and behavior by the appellant toward the victim in concluding that the appellant's comment, "mmmm-

mmmm-mmmm," which he made while looking down the victim's blouse, was indecent. 68 M.J. at 267-68, 270.

In *Rheel*, the appellant argued that his hour-long text message conversation with a nine-year-old girl, discussing sexual acts, was not indecent by itself, and claimed that the conversation only became indecent when he sent the child a picture of his penis. Unpub. op. at *23. We disagreed finding that the words were meant "to corrupt morals or excite libidinous thoughts in the mind of th[e] nine-year-old girl." *Id.*

Here, the language set out in Specification 2 alleged that the appellant made the following statements "to a child, who he believed had not attained the age of sixteen years", which, under the circumstances, constituted indecent language: "Have you done it?"; "What if we end up doing it?"; "I'll bring protection just in case"; "Probably do it if you let me"; "Doing IT, being a bad girl lol"; "Would you have done it"; "Have sex"; and "Can I see your butt?"

The appellant wrote those statements to "Alexandria" in the context of a two-day text message conversation in which the appellant discussed the idea of having sex with her and acted upon that idea when he went to her house with three condoms in his pocket. In the context of the conversation, the references to "it" were overt references to sexual intercourse. We find that the appellant's language was indecent in that it was both "grossly offensive to modesty, decency, or propriety" and "grossly offensive because of its tendency to incite lustful thought." *Green*, 68 M.J. at 269. Given the record before us, we find no substantial basis to question the military judge's decision to accept the appellant's plea of guilty to Specification 2.

### III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the approved findings and sentence are correct in law and fact and that no error materially prejudicial to the appellant's substantial rights occurred. Arts. 59 and 66, UCMJ. Accordingly, the findings and sentence as approved by the convening authority are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court