# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, SCHASBERGER, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Chief Warrant Officer Two WILLIAM H. ST. CLAIR JR.**
**United States Army, Appellant**

ARMY 20170020

Headquarters, Fort Drum
S. Charles Neill, Military Judge
Lieutenant Colonel John J. Merriam, Staff Judge Advocate

For Appellant: Colonel Elizabeth G. Marotta, JA; Lieutenant Colonel Tiffany D. Pond, JA; Major Jack D. Einhorn, JA; Captain Patrick G. Hoffman, JA (on brief); Lieutenant Colonel Christopher D. Carrier, JA; Major Jack D. Einhorn, JA; Captain Patrick G. Hoffman, JA (on brief on specified issue).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Marc B. Sawyer, JA; Captain Meredith M. Picard, JA (on brief); Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Sandra L. Ahinga, JA (on brief on specified issue).

16 August 2019

------------------------------------
SUMMARY DISPOSITION
------------------------------------

SCHASBERGER, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of conduct unbecoming of an officer and, pursuant to his pleas, of four specifications of wearing unauthorized decorations, badges, and awards, in violation of Articles 133 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 933 and 934 [UCMJ].[1] He sentenced appellant to a dismissal and confinement for four months. The convening authority approved the adjudged sentence.

Appellant challenges his convictions of conduct unbecoming of an officer on the basis that the evidence adduced at trial was factually insufficient because it

---

[1] The military judge acquitted appellant of three specifications of sexual assault, in violation of Article 120, UCMJ, all charged in the alternative.

failed to demonstrate that he had the required *mens rea*. Specifically, that there was no evidence that Chief Warrant Officer Two (CW2) St. Clair possessed the necessary mental state that making statements such as: "I bet she bleaches her asshole," "I'd eat her asshole like a glazed donut," "I would drink blood from her pussy,"[2] and "She has a meaty ass like you,"[3] were unbecoming of an officer. While we disagree with appellant as to the required *mens rea*, we conclude that the evidence for Specification 3 of Charge II is factually insufficient and therefore set the guilty finding aside.

## BACKGROUND

Appellant is an Apache pilot. In 2013, appellant deployed to Afghanistan with his unit. Appellant's unit was comprised of both male and female aviators. In between operations, the pilots had a lounge where they could hang out. While hanging out in the lounge, appellant told another aviator, "I bet she bleaches her asshole," and "I'd eat her asshole like a glazed donut." These remarks were overheard by CW2 AS, a female Apache pilot in appellant's unit.

On another occasion during the deployment, appellant was with a lieutenant and Chief Warrant Officer Three (CW3) MS when a civilian female walked by. Appellant told the others, "I would drink blood from her pussy."

Appellant redeployed before the rest of his unit in order to go to the instructor pilot course. After he completed the course, he rejoined his unit at Fort Drum. As an instructor pilot, appellant was responsible for testing other pilots, administering annual exams, and evaluating their skills. Appellant shared an office with CPT JS. One day while watching a video of a woman doing cartwheels, he told CPT JS, "She has a meaty ass like you."

The government charged appellant with sexual assault, conduct unbecoming, and wearing unauthorized badges and ribbons. In the first specification of conduct unbecoming, the government alleged that appellant "wrongfully and dishonorably act[ed] in a disorderly manner by using vulgar language . . . ." In the third specification of conduct unbecoming, the government alleged that appellant "communicate[ed] to [CPT JS] certain indecent language . . . ."

At trial, appellant pleaded guilty to the specifications of wearing unauthorized badges and not guilty to the remaining charges. During trial, the government put on evidence regarding whether the statements made by appellant were within community standards. The government adduced evidence that appellant's statements were not within the bounds of the normal conversations between aviators. The defense also adduced evidence on this issue, specifically that this unit had a history

---

[2] These comments formed the basis of Specification 1 of Charge II.

[3] This comment formed the basis of Specification 3 of Charge II. Specification 2 of Charge II was dismissed.

2

of playing music with obscene language in common areas and that aviators frequently engaged in "locker room talk."

## LAW AND DISCUSSION

Appellant alleges that he could not be found guilty of conduct unbecoming of an officer because the evidence was factually insufficient. We review the factual sufficiency of a guilty finding de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for factual sufficiency "is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses," the court is "convinced of the accused's guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987).

Appellant's factual insufficiency argument revolves around the assertion that the government needed to prove appellant was at least reckless with regard to his knowledge that his conduct was unbecoming, and there was insufficient evidence adduced at trial of his *mens rea*. We disagree. Insofar as there was any doubt as to the appropriate *mens rea* standard, the Court of Appeals for the Armed Forces (CAAF), in *United States v. Voorhees*, __ M.J. ___, 2019 CAAF LEXIS 477 (C.A.A.F. 27 Jun. 2019), recently clarified that Article 133, UCMJ, is a general intent crime.

In *Voorhees*, the CAAF found "[b]ecause officer behavior is so important, 'criminal liability for [conduct unbecoming] does not depend on whether conduct actually effects a harm' . . . 'but rather on whether the officer possessed the general intent to act indecorously, dishonestly, or indecently.'" 2019 CAAF LEXIS 477, at *23-24 (citations omitted). The CAAF based its "conclusion on the unique and long-recognized importance of an officer's behavior in the United States armed forces, and the deeply corrosive effect that indecorous behavior can have on the military's paramount mission to defend our Nation." *Id*. at *22 (internal quotation marks, brackets, and citation omitted).

Though the facts in this case are not identical to those in *Voorhees*, the logic is the same. Just as the CAAF found there was no circumstance under which Voorhees' conduct was innocent, here appellant's comments: "I bet she bleaches her asshole," "I'd eat her asshole like a glazed donut," "I would drink blood from her pussy," and "She has a meaty ass like you," made at work, some of which while deployed, are likewise not innocent. The government, therefore, needed to prove only knowledge of making these comments. The record clearly shows the government met its burden with respect to Specifications 1 and 3 of Charge II.

While we find that the government met its burden with respect to knowledge of the statements, we find that there is insufficient evidence to uphold the finding of guilt as to Specification 3 of Charge II. Specifically, we find that under the totality of the circumstances, the government did not prove the underlying element that the charged language was indecent.

Under most circumstances, conduct unbecoming of an officer has two elements. First, that the accused did or omitted certain acts. Second, that under the circumstances, the acts constituted conduct unbecoming of an officer and a gentlemen. *Manual for Courts-Martial, United States* (2012 ed.) [*MCM*], pt. IV, ¶ 59.b. It is not required that the act or omission be a specified criminal offense. *United States v. Bilby*, 39 M.J. 467, 470 (C.M.A. 1994). However, when the government does include a specified underlying criminal offense in charging conduct unbecoming, the elements of proof "are the same as those set forth in the paragraph which treats that specific offense, with the additional requirement that the act or omission constitutes conduct unbecoming . . . ." *MCM*, pt. IV, ¶ 59.c.(2). Thus, when the government chooses to charge what is traditionally another specified offense, it must prove the additional elements.

In Specification 3 of Charge II, the government charged appellant with violating Article 133, UCMJ, by "communicat[ing] to [CPT JS] certain indecent language, to wit: 'She has a meaty ass like you' . . . which conduct was unbecoming of an officer and a gentlemen." In doing so, the government alleged appellant's conduct was also a violation of Article 134, UCMJ, Indecent Language. The government, therefore, had to prove the elements of both Articles 133 and 134.[4]

The elements of Article 134, Indecent Language, are:

> (1) That the accused orally or in writing communicated to another person certain language;
> (2) That such language was indecent; and
> (3) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

*MCM*, pt. IV, ¶ 89.b.

We will uphold a conviction for communicating indecent language when the language used is "grossly offensive to modesty, decency, or propriety, or shocks the moral sense because of its vulgar, filthy, or disgusting nature, or its tendency to incite lustful thought. Language is indecent if it tends reasonably to corrupt morals or incite libidinous thought . . . The language must violate community standards." *MCM*, pt. IV, ¶ 89.c.; *see also United States v. Green*, 68 M.J. 266, 269 (C.A.A.F. 2010); *United States v. Negron*, 60 M.J. 136, 144 (C.A.A.F. 2004). Therefore we

---

[4] The government could have charged appellant's comment as it did in Specification 1 of Charge II (vulgar language). Alternatively, the government could have alleged appellant's comment constituted conduct unbecoming because the language was disrespectful. However, once the government chose to charge appellant's comment as indecent language, it was stuck with the result of having to prove the underlying elements of Article 134, Indecent Language.

4

must conclude the language at issue is either: (1) grossly offensive to modesty, decency, or propriety, or shocks the moral sense, because of its vulgar, filthy, or disgusting nature; or (2) grossly offensive because of its tendency to incite lustful thought. *Negron*, 60 M.J. at 144. When applying these definitions, we look to the "context in which it is spoken." *Id.*

Applying the manual's definitions of indecent language to appellant's case, we conclude that appellant's statement, "She has a meaty ass like you," does not rise to the level of either definition. In coming to this conclusion we look to the totality of the circumstances where the comment was made. The victim of appellant's comment was neither a minor, *see, e.g., United States v. Avery*, ARMY 20140202, 2017 CCA LEXIS 739 (Army Ct. Crim. App. 30 Nov. 17) (mem. op.), nor a subordinate, *see, e.g., United States v. Caver*, 41 M.J. 556 (N.M. Ct. Crim. App. 1994). Furthermore, appellant's comment was not accompanied by a gesture which changed the context of his comment, such as thrusting his pelvis or licking his lips. *See Green*, 68 M.J. at 270 (holding the utterance of "mmmm-mmmm-mmmm," charged as indecent language in violation of Article 134, UCMJ, was legally sufficient when it was accompanied by the gesture of pulling the victim's shirt down so as to see her breasts).

There is no question that appellant's comment made to a senior officer while at work is inappropriate, disrespectful, and if charged differently might meet the two elements of Article 133, UCMJ. However, as we do not find that the evidence meets the elements of Article 134, UCMJ, Indecent Language, we find the evidence supporting Specification 3 of Charge II factually insufficient.

## CONCLUSION

On consideration of the entire record, the finding of guilty as to Specification 3 of Charge II is SET ASIDE and Specification 3 of Charge II is DISMISSED. The remaining findings of guilty and the sentence are AFFIRMED.[5]

Senior Judge MULLIGAN and Judge FLEMING concur.

FOR THE COURT

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[5] In reassessing the sentence we are satisfied that the sentence adjudged on the remaining charges and specifications would have been at least a dismissal and confinement for four months. *See United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986); *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013).

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, SCHASBERGER, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Chief Warrant Officer Two WILLIAM H. ST. CLAIR JR.**
**United States Army, Appellant**

ARMY 20170020

--------------------------------------------------------------------
NOTICE OF COURT-MARTIAL ORDER CORRECTION
--------------------------------------------------------------------

IT IS ORDERED THAT, to reflect the true proceedings at the trial of the above-captioned case,

GENERAL COURT-MARTIAL ORDER NUMBER 3, HEADQUARTERS, FORT DRUM, FORT DRUM, NEW YORK 13602-5000, dated 15 January 2019,

IS CORRECTED AS FOLLOWS:

BY deleting the word "offer" and substituting therefor the word "officer" in Specification 3, Charge II.

DATE:  16 August 2019

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court